

**ZACHARY W. CARTER**
*Corporation Counsel*

The City of New York
**Law Department**
100 CHURCH STREET
NEW YORK, NY 10007

**CASSANDRA N. BRANCH**
Assistant Corporation Counsel
Labor & Employment Law Division
Phone: (212) 356-4074
Fax: (212) 356-2439
Email: cbranch@law.nyc.gov
Email and Fax No. **Not** for Service of Papers

April 3, 2018

**BY ECF**

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: *Ok v. New York Dep't of Educ., et al.*,
> 18 Civ. 0392 (BMC)
> Our No.: 2018-055857

Dear Judge Cogan:

      I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, assigned to represent defendants New York City Department of Education ("DOE")[1], Tyee Chin ("Chin"), and Luis Aguirre Amaya ("Amaya") in the above-referenced action. Defendants respectfully write on behalf of all parties to provide the Court with the parties' joint statement of the case and proposed case management plan, pursuant to Your Honor's January 24, 2018, Initial Conference Order (*see* Docket Entry No. 9).

**A.**     **Description of the Case**

      Plaintiff in this action, a teacher employed by defendant DOE, commenced this action on or about January 19, 20188, bringing claims pursuant to 42 U.S.C. § 1983 ("§ 1983") and New York State Civil Service Law § 75-b ("CSL § 75-b"). The Complaint alleges, *inter alia*, that plaintiff's former supervisors, defendants Chin and Amaya, retaliated against him for exercising his rights under the First Amendment and engaging in protected activity, including complaining to DOE's Office of Special Investigations ("OSI") and the office of the Special Commissioner of Investigations ("SCI") about Chin, speaking at a Parent Teacher Association ("PTA") meeting about students' standardized testing passage rates and a school bullying incident, and sending "reply all" emails to staff school-wide. Plaintiff claims that defendants retaliated against him by taking actions including, but not limited to, issuing plaintiff negative

---

[1] DOE is, formally, the Board of Education of the City School District of the City of New York.

evaluations, filing a complaint with SCI regarding plaintiff's emails to school-wide staff, issuing plaintiff disciplinary letters, and preferring disciplinary charges against plaintiff pursuant to Section § 3020-a of the New York Education Law ("Education Law § 3020-a"). Based on this alleged mistreatment and retaliation, plaintiff also brings claims of intentional infliction of emotional distress ("IIED"), negligent infliction of emotional distress ("NEID"), defamation, and libel under the New York common law. There are no pending related criminal or civil actions.

**B.      Jurisdictional**

This Court has original jurisdiction over plaintiff's Federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over his state claims under 28 U.S.C. § 1367.

**C.      Legal Basis for Claims and Defenses**

Plaintiff's Statement

- The Complaint states a claim based upon 42 U.S.C § 1983 because defendants retaliated against plaintiff for exercising his freedom of speech as a citizen with regard to matters of public concern.

- The Complaint states a claim based upon New York State Civil Service Law Section 75-b because plaintiff engaged in a protected activity and defendants retaliated against plaintiff by engaging in adverse personnel actions.

Defendants' Statement

- The Complaint fails to state a claim under 42 U.S.C. § 1983, in whole or in part, upon which relief can be granted;

- The Complaint fails to state a claim under New York State Civil Service Law § 75-b, in whole or in part, upon which relief can be granted;

- The Complaint fails to state a claim under the New York common law, in whole or in part, upon which relief can be granted;

- The Complaint is barred in whole, or in part, by the applicable statute of limitations;

- The Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies or both;

- Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, the City of New York, or any political subdivision thereof;

- At all times relevant to the acts alleged in the Complaint, defendants acted in conformity with all applicable laws, rules and regulations, and any actions taken with respect to plaintiff were undertaken for legitimate, non-discriminatory, non-retaliatory business reasons;

- Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by defendants to otherwise avoid harm;

- Any damages sustained by plaintiff were caused by plaintiff's own negligent or otherwise culpable conduct;

- The Complaint is barred, in whole or in part, by plaintiff's failure to mitigate damages;

- The Complaint's request for punitive damages is barred because punitive damages are not available against a government or governmental division.

**D.  Contemplated Motions**

Defendants dispute that any action was taken against plaintiff on account of his alleged speech or protected activities. Defendants are evaluating whether to file a motion to dismiss the Complaint.

Respectfully submitted,

**[ECF]_____ /S/_____**
Cassandra Branch
Assistant Corporation Counsel

Enc.: Exhibit "1"– Proposed Case Management Plan and Scheduling Order

cc: **GLASS KRAKOWER LLP**
Attorneys for Plaintiff