

**ZACHARY W. CARTER**
*Corporation Counsel*

The City of New York
**Law Department**
100 CHURCH STREET
NEW YORK, NY 10007

**CASSANDRA N. BRANCH**
Assistant Corporation Counsel
Labor & Employment Law Division
Phone: (212) 356-4074
Email: cbranch@law.nyc.gov

April 4, 2018

**BY ECF**

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

              Re:    *Ok v. New York Dep't of Educ., et al.*,
                      18 Civ. 0392 (BMC)
                      Our No.: 2018-055857

Dear Judge Cogan:

       I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, assigned to represent defendants New York City Department of Education ("DOE"), Tyee Chin ("Chin"), and Luis Aguirre Amaya ("Amaya") in the above-referenced action. Defendants respectfully write in response to the Court's order, dated April 3, 2018, regarding the deficiencies in the joint letter statement filed by defendants. *See* Docket Entry No. 16. The undersigned misunderstood the Court's instruction to provide a legal basis for the defense(s) in this matter, and apologizes for any inconvenience that may have caused. *See* Docket Entry No. 9. Accordingly, defendants provide the following explanations and defenses to the Complaint:

       The Complaint fails to state a First Amendment retaliation claim under 42 U.S.C. § 1983 as plaintiff does not allege that his constitutional rights were violated as a result of any specific municipal policy or practice. The Amended Complaint contains no allegations that plaintiff engaged in any protected speech. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Even if plaintiff did engage in speech, however, it was within the scope of his employment. *See Weintraub v. Bd. of Educ.*, 593 F.3d 196, 202-03 (2d Cir. 2010). Plaintiff simply alleges the conclusion without any allegation of fact to support it. Further, there were numerous legitimate reasons for plaintiff's admonishments, disciplinary letters, negative evaluations, and Education Law § 3020-a disciplinary charges, including, but not limited to: plaintiff's failure to adopt the school's curriculums, pedagogical standards, and grading policies; plaintiff's refusal to remove offended colleagues from his "reply all" emails; a substantiated investigation by the DOE's independent Office of Special Investigation ("OSI") concerning plaintiff's emails; and violating DOE rules and regulations during faculty and PTA meetings.

**HONORABLE BRIAN M. COGAN**
*Ok v. New York Dep't of Educ., et al.*,
18 Civ. 0392 (BMC)
April 4, 2018
Page 2

Plaintiff is barred from alleging retaliation under New York Civil Service Law § 75-b because he is subject to a Collective Bargaining Agreement ("CBA") that requires plaintiff to submit to binding arbitration to resolve his disciplinary and personnel grievances. As plaintiff's CBA permits him to raise the claims in this Complaint during his § 3020-a hearing, plaintiff has failed to exhaust his administrative remedies. *See* N.Y. Civ. Serv. L. § 75-b(3)(b)(c); *Singh v. City of New York*, 418 F. Supp. 2d 390, 403 (S.D.N.Y. 2005).

The Complaint's negligent infliction of emotional distress ("NIED") and intentional infliction of emotional distress ("IIED") claims fail for lack of any allegations "that that the defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Kenny v. Nassau Univ. Med. Ctr.*, 14 Civ. 7505 (SJF), 2016 U.S. Dist. LEXIS 16544, at *36-37 (E.D.N.Y. 2016). Nothing in the Complaint indicates that defendants' conduct could be described as such. Plaintiff further fails to plausibly allege that defendants negligently caused plaintiffs severe emotional distress by breaching a specific duty, or intentionally caused plaintiffs severe emotional distress by engaging in a "deliberate and malicious campaign of harassment or intimidation." *See Nieblas-Love v. New York City Hous. Auth.*, 14 Civ. 5444 (JMF), 2016 U.S. Dist. LEXIS 23834 at *40 (S.D.N.Y. 2016).

Plaintiff's defamation and libel claim fails, as the Complaint does not identify what specific defamatory statements were made or published about plaintiff, when they were made or published, by whom, and in what context. *See Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 762 (2d Cir. 1990). To the extent that plaintiff claims defamation occurred within the scope of his position as a teacher, it is well-settled that statements between interested persons concerning an employee's performance or misconduct are covered by qualified privilege. *See Peters v. Baldwin Union Free Sch. Dist.*, 320 F.3d 164, 169 (2d Cir. 2003).

Finally, the Complaint's state law claims against defendant DOE are partially time-barred as plaintiff failed to file a Notice of Claim within three (3) months of the accrual of his claims, pursuant to New York Education Law § 3813(1). Plaintiff did not file a Notice of Claim until December 13, 2017, more than two (2) years after the first event plaintiff complains of, and more than three (3) months after plaintiff's disciplinary meeting concerning his OSI investigation. Accordingly, all claims against DOE stemming from events occurring before September 17, 2017 are time-barred.

                              Respectfully submitted,

                              **[ECF]     /S/**
                              Cassandra Branch
                              Assistant Corporation Counsel

cc:    **GLASS KRAKOWER LLP**
        Attorneys for Plaintiff