

**ZACHARY W. CARTER**
*Corporation Counsel*

The City of New York
# Law Department
100 CHURCH STREET
NEW YORK, NY 10007

**CASSANDRA N. BRANCH**
Assistant Corporation Counsel
Labor & Employment Law Division
Phone: (212) 356-4074
Email: cbranch@law.nyc.gov

April 11, 2018

**BY ECF**

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Ok v. New York Dep't of Educ., et al.*,
              18 Civ. 0392 (BMC)

Dear Judge Cogan:

      I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, assigned to represent defendants New York City Department of Education ("DOE"), Tyee Chin ("Chin"), and Luis Aguirre Amaya ("Amaya") in the above-referenced action. Defendants respectfully write to supplement their statement of the case for consideration as a partial motion to dismiss the Complaint, as discussed during the parties' initial conference on April 6, 2018. *See* Docket Entry No. 17.

      During the parties' initial conference, this Court informed plaintiff that it would be difficult for some claims to survive a motion to dismiss, including his negligent infliction of emotional distress ("NIED") and intentional infliction of emotional distress ("IIED") claim, the state law claims against DOE, and his New York Civil Service Law § 75-b ("§75-b") retaliation claim. Plaintiff was directed to advise defendants in writing by April 10, 2018, as to his belief on the merits of those claims. While plaintiff's counsel timely emailed defendants' counsel, the email merely advised that "Plaintiff will withdraw his intentional infliction of emotional distress state law claim." The undersigned received no response to her reply inquiring about plaintiff's position as to the CSL § 75-b claim and defamation and libel claims.

      While New York's "Whistleblower Law" protects government employees complaining of government misconduct from discipline, the law clearly states that an employee alleging retaliation may sue in court only where he was not subject to the complained-of discipline pursuant to a collective bargaining agreement ("CBA"). *See* NY CSL § 75-b(3)(c). Plaintiff's CBA permits him to raise the claims in this action during his upcoming § 3020-a hearing, and that necessitates dismissal for failure to exhaust administrative remedies. *See, e.g.*,

*DiBiase v. Barber*, 06 Civ. 5355 (AKT), 2008 U.S. Dist. LEXIS 75664 at *24-25 (E.D.N.Y. Sept. 30, 2008); *Singh v. City of New York*, 418 F. Supp. 2d 390, 403 (S.D.N.Y. 2005).

The Education Law "lays out extensive litigation procedures for hearings, including motion practice, bills of particulars, mandatory disclosure, discovery, subpoena power, right to counsel, cross-examination, testimony under oath, and a full record." *Burkybile v. Bd. of Educ.*, 411 F.3d 306, 312 (2d Cir. 2005). Here, disciplinary charges were brought against plaintiff based on his conduct at a February 2017 Parents Association meeting, and his harassing school-wide emails, both of which were referenced in the Complaint. *See* Complaint ¶¶ "49,"-"50," "65."[1] Thus, the findings of fact and outcome in plaintiff's hearing could have a far-reaching impact on this litigation, including a preclusive effect on plaintiff's claims. *See, e.g.*, *Roemer v. Bd. of Educ.*, 290 F.Supp.2d 329, 334 (E.D.N.Y. 2003), *aff'd*, 150 Fed. App'x 38 (2d Cir. 2005) (§ 1983 First Amendment claim precluded by § 3020-a findings); *Burkybile*, 411 F.3d at 313 (arbitrator's determination that plaintiff was terminated for just cause, including unbecoming conduct, given preclusive affect). Accordingly, defendants request that this action be stayed pending resolution of plaintiff's § 3020-a proceeding. *See Rattner v. Bd. of Trustees*, 611 F. Supp. 648, 653 (S.D.N.Y. 1985) (staying action where plaintiffs' § 1983 claims where pleading's allegations were "inextricably intertwined" with plaintiffs' Article 78 cases). Defendants request in the alternative that should this litigation go forward, the Court hold in abeyance any decisions regarding claims not dismissed as a result of this letter, pending resolution of the § 3020-a hearing and supplemental briefing by the parties.

Plaintiff's defamation and libel claim must be dismissed, as the Complaint does not identify what specific defamatory statements were made or published, when they were made and by whom, and in what context. *See Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 762-763 (2d Cir. 1990). The Complaint attributes no defamatory or libelous statements to defendant Amaya at all, and any disciplinary letters or negative evaluations plaintiff received are not public. The statements allegedly made by defendant Chin are also insufficient to support this claim because they are either speculative in nature or vague as to the actual words spoken. *See id.* at 763; Complaint ¶¶ "35," "36," "57,"–"58." To the extent that plaintiff claims defamation within the context of his role as a teacher, it is well-settled that a supervisor's statement concerning employee performance or even suspected misconduct are covered by qualified privilege. *See Peters v. Baldwin Union Free Sch. Dist.*, 320 F.3d 164, 169 (2d Cir. 2003).

Finally, the Complaint fails to state a First Amendment retaliation claim under § 1983. Plaintiff does not allege that his constitutional rights were violated as a result of any municipal policy or practice and does not plausibly allege that he engaged in protected speech outside the scope of his DOE employment. *See, e.g.*, *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006); *Weintraub v. Bd. of Educ.*, 593 F.3d 196, 202-03 (2d Cir. 2010); *Lee-Walker v. New York City Dep't of Educ.*, 16 Civ. 0109 (JGK), 2016 U.S. Dist. LEXIS 162561 at *15 (S.D.N.Y. Nov.

---

[1] The undersigned will provide the Court with a copy of the charges should Your Honor wish to see them before ruling on this letter motion.

23, 2016). The claims against defendants Chin and Amaya must be dismissed, as it is well settled that "[u]nconstitutional actions taken by governmental officials out of personal animus may *never* form the basis for municipal liability," and principals do not have final policy-making authority over employment decisions. *See Williams v. City of New York*, 12 Civ. 8518 (RJS), 2014 U.S. Dist. LEXIS 49837 at *33 (S.D.N.Y. March 26, 2014), *aff'd*, 602 Fed. App'x 28 (2d Cir. 2015); *Shapiro v. New York City Dep't of Educ.*, 561 F. Supp. 2d 413, 420 (S.D.N.Y. 2008).

                Respectfully submitted,

                **[ECF]** /S/
                Cassandra Branch
                Assistant Corporation Counsel

cc:     **GLASS KRAKOWER LLP**
         Attorneys for Plaintiff