**GLASS KRAKOWER LLP**
ATTORNEYS AND COUNSELORS AT LAW
A Limited Liability Partnership
100 CHURCH STREET, 8TH FLOOR
NEW YORK, NY 10007
212-537-6859
FAX NO. 845-510-2219

*Bryan D. Glass*                                                    E-mail: bglass@ghnylaw.com
   Partner

April 25, 2018

*Via ECF*
Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Ok v. New York Department of Education et al.*,
        18 Civ. 392 (BMC)

Dear Judge Cogan:

  This firm represents Plaintiff Seung-Yong Ok in the above-referenced action. We write in response to Defendants' proposed partial motion to dismiss and/or stay letter to the Court, dated April 11, 2018, in the above-referenced matter.

  As an initial matter, it is important to note that this Court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Additionally, the Second Circuit exercises care to avoid hastily dismissing complaints of civil rights violations. *See Gregory*, 243 F.3d at 691 (internal citations omitted). For these reasons and those that will be set forth below, Defendants' motion is entirely premature and/or should be denied, and the action should proceed to discovery and potential trial of this matter.

  **A. New York Civil Service Law Section 75-b**

  Defendants have improperly requested this Court to stay this action pending resolution of Plaintiff's Education Law Section 3020-a ("3020-a") hearing. Although Plaintiff, in his Complaint, has alleged that Defendants initiated 3020-a charges against him in retaliation for reporting violations about federal, state, and city law violations by the school administration, he has alleged other adverse personnel actions other than the allegations raised in the 3020-a proceeding as well. Specifically, Plaintiff has alleged that, in addition to being served with 3020-a disciplinary charges, he has received numerous disciplinary letters to file and less-than-effective evaluations and annual

1

ratings. Thus, because Plaintiff's 3020-a hearing will not determine the validity of his less-than-effective evaluations and related adverse personnel actions, Plaintiff respectfully requests that the Court deny Defendants' request for a stay of this matter. In addition, the outcome of the Section 3020-a does not collaterally estop the prosecution of this lawsuit. *See Leon v. Dep't of Educ.,* 16 F. Supp. 3d 184 (E.D.N.Y. 2014), *rev'd in part,* 612 F. App'x 632 (2d Cir. 2015); *Giove v. City of NY*, 15 CV 2998 (E.D.N.Y. 2018) (finding no collateral estoppel effect to 3020-a decision in civil rights discrimination lawsuit).

### B. First Amendment Retaliation

Plaintiff has pled a valid First Amendment retaliation claim. To determine whether an individual spoke as a private citizen or a public employee, "[t]he critical question. . . is whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties." *Lane v. Franks*, 134 S. Ct. 2369 at 2379, 189 L. Ed. 2d 312 (2014).

Communications made directly to the New York City Department of Education's ("DOE") leadership and to an outside investigatory agency are arguably analogous to citizen speech. *See Smith v City of NY*, 130 F. Supp. 3d 819, 832 (SDNY 2015); *cf. Weintraub v. Bd. of Educ.*, 593 F.3d 196, 204 (2d Cir. 2010) (distinguishing "complaint[s] to an elected representative or inspector general" from "internal communication[s]"); *see also Portelos v City of NY*, 2013 US. Dist. LEXIS 30125, at *5-6 (EDNY Feb. 28, 2013, No. 12-CV-3141[RRM][VMS]). As alleged in his Complaint, Plaintiff reported Defendants' alleged misconduct to the New York City Special Commissioner of Investigations ("SCI"), the Office of Special Investigations ("OSI"), his union, and the Chancellor of the DOE. Such communications to outside investigatory agencies and DOE's leadership qualifies as citizen speech.

Whether an employee's speech addresses a matter of public concern is a question of law for the court to decide, taking into account the content, form, and context of a given statement as revealed by the whole record. *See Connick v. Myers*, 461 U.S. 138, 147-48 (1983); *Luck v. Mazzone*, 52 F.3d 475, 476 (2d Cir. 1995) (per curiam); *Piesco v. Koch*, 12 F.3d 332, 342 (2d Cir. 1993). Plaintiff made numerous complaints to various agencies, including complaints concerning alleged fraud by Defendant Chin. Whether these complaints addressed a matter of public concern is clearly an issue of fact that cannot be resolved at this stage.

As to Defendants' claim that it is well-settled that principals do not have final policy-making authority over employment decisions, that is simply not the case. Courts in this Circuit are split as to whether a principal can in fact be considered the final policymaker with respect to teacher discipline. *See Fierro v. N.Y. City Dep't of Educ.*, 994 F. Supp. 2d 581, 588 (S.D.N.Y. 2014) ("Courts in this Circuit have disagreed on whether a principal is a final policymaker for purposes of a *Monell* claim."); *Compare T.E. v. Pine Bush Cent. Sch. Dist.*, 58 F. Supp. 3d 332, 373 (S.D.N.Y. 2014) (noting that the record demonstrated that the Board [not the principal] had policymaking and oversight authority over District's disciplinary policies) *with Rabideau v. Beekmantown Cent. Sch. Dist.*, 89 F. Supp. 2d 263, 268 (N.D.N.Y. 2000) (finding plaintiff stated a claim for *Monell* liability because principal, "[b]y virtue of her position . . . was directly responsible for discipline in the school"). Accordingly, it is premature at this stage to dismiss Plaintiff's first amendment retaliation claim. In any event, Principal Chin and AP Amaya are being

2

sued in their individual capacity as well, so *Monell* liability regarding their retaliatory actions is a red herring here.  *See Portelos*, *supra.*

### C. Defamation and Libel Claims

Contrary to Defendants' argument, the statements allegedly made by Defendant Chin are sufficient to support a finding of defamation. The allegations are neither vague nor speculative in nature; they clearly allege defamatory actions taken by Defendant Chin. *See, e.g.,* Complaint Paras. 34, 35.  Furthermore, whether Defendant Chin's defamatory statements concerned Plaintiff's performance or suspected misconduct is an issue of fact that cannot be determined at this early stage.

Based on the above, it is respectfully requested that Defendants' partial motion to dismiss be denied, this action not be stayed in any way based on the Section 3020-a proceeding and that Plaintiff be allowed to proceed on all causes of action (with the exception of intentional infliction of emotional distress clam now withdrawn, and the matter proceed as scheduled through discovery and potential trial.

Thank you for your consideration.

                                                             Respectfully submitted,

By:   \_s/_____
        Bryan D. Glass, Esq.

c:  Cassandra Branch, Esq., Assistant Corporation Counsel, Attorney for Defendants *(via ECF)*