

ZACHARY W. CARTER
*Corporation Counsel*

The City of New York
**Law Department**
100 CHURCH STREET
NEW YORK, NY 10007

CASSANDRA N. BRANCH
Assistant Corporation Counsel
Labor & Employment Law Division
Phone: (212) 356-4074
Email: cbranch@law.nyc.gov

May 2, 2018

**BY ECF**

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    *Ok v. New York Dep't of Educ., et al.*,
                18 Civ. 0392 (BMC)
                Our No. 2018-005857

Dear Judge Cogan:

        I am an Assistant Corporation Counsel assigned to represent defendants New York City Department of Education ("DOE"), Tyee Chin ("Chin"), and Luis Aguirre Amaya ("Amaya") in the above-referenced action. Defendants moved to dismiss the complaint in its entirety and plaintiff opposed defendants' motion by papers, dated April 25, 2018 ("Pl. Opp."). *See* Pl. Opp., Docket Entry No. 19. Defendants now reply.

**A.    Plaintiff's First Amendment Claim**

        The Complaint fails to state a First Amendment retaliation claim under § 1983 because it does not even attempt to connect the alleged adverse actions to a municipal policy or practice, pursuant to *Monell*. *See, e.g.*, *Shapiro v. New York City Dep't of Educ.*, 561 F. Supp. 2d 413, 420-421 (S.D.N.Y. 2008); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). "[T]here must be proof of such a custom or policy in order to permit recovery on claims against individual municipal employees in their official capacities, since such claims are tantamount to claims against the municipality itself." *Fierro v. New York City Dep't of Educ.*, 994 F. Supp. 2d 581, 588 (S.D.N.Y. 2014) (quotation omitted). Without meeting the minimum *Monell* requirements, plaintiff's claim against DOE and the individuals in their official capacities cannot survive a motion to dismiss. *See Williams v. City of New York*, 12 Civ. 8518 (RJS), 2014 U.S. Dist. LEXIS 49837 at *36-37 (S.D.N.Y. March 26, 2014), *aff'd*, 602 Fed. App'x 28 (2d Cir. 2015).

        Nor does the Complaint attempt to connect plaintiff's alleged speech to any adverse actions taken against him. In short, the Complaint resolves itself into a claim that plaintiff engaged in speech and that plaintiff's performance was criticized and the subject of

discipline. This amounts to nothing more than "the recitation of a false syllogism: (1) I am (insert name of a protected class); (2) something bad happened to me at work; (3) therefore, it happened because I am (insert name of protected class)," and the Complaint cannot withstand a motion to dismiss. *Bermudez v. City of New York*, 783 F. Supp. 2d 560, 581 (S.D.N.Y. 2011). Here, plaintiff was served with § 3020-a charges and removed from school in October of 2017. *See* Complaint ¶ "68." This was after the SCI investigation into plaintiff's harassing emails, and almost eighteen (18) months after plaintiff complained about Chin to SCI in March of 2016. *Id.* ¶ "23." This hardly suffices as causation, and the First Amendment claims must be dismissed.

While plaintiff contends that Chin and Amaya are liable for retaliation under § 1983, the Complaint offers no allegations of any constitutional violations committed by either Chin or Amaya in his individual capacity. As plaintiff appears to rely on the same actions Chin and Amaya took in their official capacities, the individual § 1983 claims fail as a matter of law. *See Edwards v. Ctr. Moriches Union Free Sch. Dist.*, 898 F. Supp. 2d 516, 553-54 (E.D.N.Y. 2012), *adopted*, *J.E. Ctr. Moriches Union Free Sch. Dist.*, 898 F. Supp. 2d 516 (E.D.N.Y. 2012).

To the extent that plaintiff claims his speech qualifies as a matter of public concern, the basis for plaintiff's retaliation claim is that he complained about Chin's alleged paperwork requirements for teachers with low student passing rates, quotas for passing students, pressuring teachers to write positive responses on the annual DOE teacher survey for his school, and a school bullying incident. *See* Complaint ¶¶ "24,"–"26," "49." Plaintiff had knowledge of these events due to his position, and complained about them because he believed they could impact teachers at his school, including him. *Id.* ¶¶ "49,"–"50." Complaining to SCI does not automatically render a complaint a public matter. *See* Pl. Opp. at 2. Here, plaintiff's speech was "pursuant to" his official duties because it was "part-and-parcel of his concerns" about his ability to perform as a teacher within his school. *See Weintraub v. Bd. of Educ.*, 593 F.3d 196, 203 (2d Cir. 2010); *Smith v. City of New York*, 130 F. Supp. 3d 819, 832 (S.D.N.Y. 2015). As plaintiff's speech was not protected, his First Amendment retaliation claim must be dismissed.

**B.     Plaintiff's CSL § 75-b Claim**

The New York Whistleblower Law explicitly provides that employees claiming retaliation in the form of discipline are permitted to raise that defense at disciplinary hearings:

> Where an employee is subject to dismissal or other disciplinary action under a final and binding arbitration provision…and the employee reasonably believes dismissal or other disciplinary action would not have been taken but for the conduct protected under subdivision two of this section, he or she may assert such as a defense before the designated arbitrator or hearing officer.

NY CSL § 75-b(3)(a).

Thus, government employees are barred from suing for retaliation under CSL § 75-b where the complained of actions are subject to a grievance procedure under a collective bargaining agreement. *See* N.Y. Civ. Serv. L. § 75-b(3)(c). *See, e.g.*, *DiBiase v. Barber*, 06 Civ. 5355 (AKT), 2008 U.S. Dist. LEXIS 75664 at *24-25 (E.D.N.Y. Sept. 30, 2008) (statute allows plaintiff "to raise retaliation only as a defense to disciplinary charges and does not permit [Plaintiff to bring] a separate claim for damages") (citation omitted); *Munafo v. Metro. Transp. Auth.*, Nos. 98 CV-4572 (ERK), 00-CV-0134 (ERK), 2003 U.S. Dist. LEXIS 13495 at *93 (E.D.N.Y. Jan. 22, 2003) ("[a]n employee may bring suit under § 75-b …only where a collective bargaining agreement does not substitute its own grievance procedure for the relief encapsulated by the statute"); *Shaw v. Baldowski*, 192 Misc. 2d 635 (Sup. Ct. Albany Co. 2002) (same).

As the Complaint conclusory alleges that plaintiff received § 3020-a charges and disciplinary letters in retaliation for reporting alleged violations by his school's administration, he must first raise that defense during his upcoming § 3020-a hearing. *See* Complaint ¶¶ "56," "63," "67,"; N.Y. Civ. Serv. L. § 75-b(3)(b). *See, e.g.*, *Singh v. City of New York*, 418 F. Supp. 2d 390, 403 (S.D.N.Y. 2005). With respect to any remaining letters to file, the negative evaluations and "related adverse personnel actions" that plaintiff does not describe, the Complaint does allege, without any factual support, that various actions were taken in retaliation for plaintiff's complaints about his administration. *See* Complaint ¶¶ "31," and "32,"–"64," under the heading "Retaliation during the 2016-2017 school year." Thus, even if plaintiff claims that other disciplinary actions were unrelated to his § 3020-a charges, plaintiff is still barred from pursuing a CSL § 75-b retaliation claim until he has availed himself of the remedies provided in his CBA. *See Singh*, 418 F. Supp. 2d at 403 (noting that § 75-b[3][b] estoppel applied even though defendant did not bring disciplinary charges against plaintiff).[1]

## C.    Plaintiff's Defamation And Libel Claim

Plaintiff does not oppose defendants' argument that there are no allegations of defamatory or libelous statements by defendant Amaya. *See* Pl. Opp. at 3. Thus, that claim against Amaya should be deemed abandoned and dismissed. *See*, *e.g.*, *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 958 F. Supp. 895, 907 n.11 (S.D.N.Y.), *aff'd*, 130 F.3d 1101 (2d Cir.1997). Plaintiff's claim against Chin must also be dismissed because once again, Chin's alleged statements about plaintiff are either speculative or vague or matters of opinion. For instance, paragraph "34," of the Complaint, cited in Plaintiff's Opposition, does not contend that Chin made that alleged statement about plaintiff, or that Chin indicated the statement was about plaintiff to anyone hearing it. *See* Pl. Opp. at 3. Thus, the statement cannot form the basis of a defamation claim against Chin.

---

[1] Even if plaintiff's 75-b claim was not precluded, it must be dismissed as untimely to the extent that alleged retaliatory actions occurred before January 19, 2017, one (1) year before plaintiff filed this Complaint. *See* N.Y. Civ. Serv. L. § 75-b(3)(c); N.Y. Lab. L. § 740(4)(a). *See, e.g.*, *Abdallah v. City of New York,* No. 95 Civ. 9247 (MGC), 2001 U.S. Dist. LEXIS 2616 at *14 (S.D.N.Y. Mar. 16, 2001).

The Complaint generally fails to allege that Chin's statements were statements of fact and not opinion, actually false, and caused plaintiff special harm. *See, e.g.*, *Albert v. Loksen*, 239 F.3d 256, 266-71 (2d Cir. 2001). Further, nothing in the Complaint indicates that Chin's alleged comments were not privileged, given that they all concerned plaintiff's actions as a teacher. *See id.* at 272 ("New York affords qualified protection to defamatory communications made by one person to another upon a subject in which both have an interest") (internal quotation omitted).

Finally, as noted in defendants' letter, dated April 4, 2018, plaintiff's state law claims against DOE based on events occurring before September 17, 2017, are time-barred and barred by his failure to timely file a Notice of Claim as required under New York Education Law § 3813(1). *See* Letter Supplementing Defendants' Statement of the Case, Docket Entry No. 17.

**D.  The Stay**

The cases that plaintiff offers in opposition to defendants' request for a stay are inapposite. *See* Pl. Opp. at 2. *Leon v. New York City Dep't of Educ.* concerned a teacher suing for discrimination, hostile work environment, and retaliation under the ADEA, ADA, and SHRL. 612 F. App'x 632, 633-34 (2d Cir. 2015). There, the Second Circuit held that a § 3020-a determination did not preclude the plaintiff from making a *prima facie* discrimination or retaliation case because the hearing neither addressed nor decided whether the teacher's disciplinary charges were driven by discriminatory or retaliatory intent. *Id.* at 634-635. Similarly, in *Giove v. City of New York*, the New York Eastern District Court held that a § 3020-a decision did not preclude a teacher's hostile work environment and retaliation claims under Title VII and the SHRL because the hearing officer did not expressly decide whether the teacher's disciplinary charges were motivated by retaliatory intent. 15 Civ. 02998 (PKC) (VMS), 2018 U.S. Dist. LEXIS 18909 at *9-12 (E.D.N.Y. Feb. 5, 2018). In those cases, the disciplinary hearings had already concluded and the Court could say with definiteness that the hearings had not considered the plaintiffs' retaliation allegations.

Here, in sharp contrast, plaintiff's disciplinary hearing has yet to occur and the hearing officer <u>must</u> consider any retaliation defenses offered during the hearing. *See* N.Y. Civ. Serv. L. § 75-b(3)(a) ("[t]he merits of such defense shall be considered and determined as part of the arbitration award or hearing officer decision of the matter"). Thus, the § 3020-a factual determinations and ultimate conclusion could have a preclusive effect on plaintiff's claims in this action. *See, e.g., Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 49 (2d Cir. 2014) (plaintiff precluded from re-arguing hearing officer's findings of fact); *Roemer v. Bd. of Educ.*, 290 F.Supp.2d 329, 334 (E.D.N.Y. 2003), *aff'd*, 150 Fed. App'x 38 (2d Cir. 2005) (§ 1983 First Amendment claim precluded by § 3020-a findings). Accordingly, defendants' request for a stay is justified and should be granted.

Accordingly, the Court should grant defendants' motion to dismiss, and to the extent necessary, grant defendants' motions for a stay or decision held in abeyance pending resolution of plaintiff's § 3020-a proceeding.

Thank you for your consideration of this matter.

Respectfully submitted,

**[ECF]**      **/S/**
Cassandra Branch
Assistant Corporation Counsel

cc:   **GLASS KRAKOWER LLP**
      Attorneys for Plaintiff