UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                    :

SEUNG-YONG OK,                        :
                                      :

                   Plaintiff,        :

                                      :   **MEMORANDUM**
       - against -           :   **DECISION AND ORDER**
                                        :

NEW YORK CITY DEPARTMENT OF     :   18-cv-0392 (BMC)
EDUCATION, TYEE CHIN, and LUIS      :
AGUIRRE AMAYA,                :
                                      :

                   Defendants.   :
---------------------------------------------------------- X

**COGAN**, District Judge.

      Plaintiff and former teacher Seung-Yong Ok sued the New York City Department of

Education, Flushing High School principal Tyee Chin, and assistant principal Luis Aguirre

Amaya under 42 U.S.C. § 1983 and New York Civil Service Law § 75-b for what he claims was

retaliation because he reported Chin for fraud and misconduct. Based on the same actions,

plaintiff also brought claims for negligent infliction of emotional distress, defamation, and libel

under New York common law.[1] Defendants now move to dismiss some of the claims and to stay

the remaining claims pending the outcome of plaintiff's disciplinary hearing. For the reasons

given below, defendants' motion is granted in part and denied in part.

      Defendants move to dismiss the defamation and libel claims based on plaintiff's failure to

state a claim. "To state a claim for defamation under New York [l]aw, the plaintiff must allege

(1) a false statement about the plaintiff; (2) published to a third party without authorization or

privilege; (3) through fault amounting to at least negligence on [the] part of the publisher; (4)

that either constitutes defamation *per se* or caused special damages." Thai v. Cayre Grp., Ltd.,

---
[1] Plaintiff has since withdrawn his claims for intentional infliction of emotional distress.

726 F. Supp. 2d 323, 329 (S.D.N.Y. 2010) (second alteration in original) (quoting <u>Gargiulo v. Forster & Garbus Esqs.</u>, 651 F. Supp. 2d 188, 192 (S.D.N.Y. 2009)).

"Special damages consist of the loss of something having economic or pecuniary value which must flow directly from the injury to reputation caused by the defamation[.]" <u>Id.</u> at 330 (quoting <u>Celle v. Filipino Reporter Enters. Inc.</u>, 209 F.3d 163, 179 (2d Cir. 2000)). A plaintiff must allege special damages "with sufficient particularity to identify actual losses." <u>Id.</u>

The defamation and libel claims against defendant Chin must be dismissed because plaintiff has failed to plead a non-opinion statement or special damages. Plaintiff alleges with particularity only a single statement by defendant Chin. He alleges that on November 30, 2016, defendant Chin sent the following to plaintiff in a school-wide email: "Your reckless actions will cost people their jobs and affect students and family. If the school goes into independent receivership or closure we are all out of a job." In the same email, defendant Chin allegedly asserted that plaintiff's actions (which plaintiff claims were public speech on matters of public concern) constituted "continuous negativity."

These statements are not statements of fact. They are pure opinions, which are not actionable under New York law. <u>See</u> <u>Celle</u>, 209 F.3d at 178; <u>Adelson v. Harris</u>, 973 F. Supp. 2d 467, 490 (S.D.N.Y. 2013) ("[A] simple expression of opinion based on disclosed ... nondefamatory facts is not itself sufficient for an action of defamation, no matter how unjustified and unreasonable the opinion may be or how derogatory it is."). But even if the statement was one of fact, plaintiff does not allege any special damages. Plaintiff's libel and defamation claims against plaintiff Chin are therefore dismissed.

Plaintiff does not identify any allegedly defamatory or libelous statements by defendant Amaya; the Court therefore dismisses the defamation and libel claims against that defendant.

Defendants have also moved to dismiss plaintiff's First Amendment retaliation claims under 42 U.S.C. § 1983. Plaintiff alleged § 1983 claims against the individual defendants and against the Department of Education under Monell v. Department of Social Services, 436 U.S. 658 (1978), based on defendant Chin's allegedly unconstitutional actions taken as a policymaker for the Department. See Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000).

For a public employee to establish a First Amendment retaliation claim, he must first establish that his speech was protected by showing (1) that he spoke as a citizen and (2) that he spoke on a matter of public concern. Lane v. Franks, 134 S. Ct. 2369, 2378 (2014). For the first element, the Supreme Court has looked to whether the public employee made the statement "pursuant to [his] official duties" to determine if the employee spoke as a citizen. See Garcetti v. Ceballos, 547 U.S. 410, 421 (2006). The Supreme Court later clarified that "[t]he critical question under Garcetti is whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties." Lane, 134 S. Ct. at 2379.

As to the second element, speech involves a matter of public concern "when it can be fairly considered as relating to any matter of political, social, or other concern to the community, or when it is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public." Id. at 2380 (quoting Snyder v. Phelps, 562 U.S. 443, 453 (2011)). The inquiry turns on the "content, form, and context" of the speech. Lane, 134 S. Ct. at 2380 (quoting Connick v. Myers, 461 U.S. 138, 147 (1983)). Both elements of the test, therefore, are highly fact-intensive.

Defendants argue that plaintiff does not plausibly allege that he engaged in protected speech outside the scope of his employment by the Department of Education or allege causation between any of his protected activity and any alleged retaliatory action by defendants. However,

the Court cannot conclude in the Rule 12(b)(6) context that plaintiff's speech was made pursuant to his official duties and that it did not address a matter of public concern.

Plaintiff alleges that he contacted the Department's chancellor and "several other high-ranking NYC DOE officials" about a policy imposed by Principal Chin, "where teachers who had a passing rate of less than 75 percent were mandated to compile paperwork that was excessive and burdensome." According to the complaint, plaintiff was concerned that this policy was punitive and designed to deter teachers from failing students. Plaintiff also alleges that he expressed the same concern about the policy to the Special Commissioner of Investigations in an email he sent on March 28, 2016. In the same email, plaintiff also alleged that on March 14, 2016, Principal Chin warned teachers that teaching positions at the school would be lost if they wrote negative responses on the Department of Education's annual teacher survey. As alleged in the complaint, that investigator forwarded plaintiff's email to the Department's Office of Special Investigations, which contacted plaintiff directly on April 20, 2016. Plaintiff repeated the allegations to an OSI investigator, and allegedly provided the investigator with internal memos, audio recordings, and audio transcripts substantiating his concern.

Although plaintiff's communications to representatives of the DOE's Special Commissioner of Investigations and the Office of Special Investigations concerned his grading duties as a teacher, they were not obviously within the scope of his duties as a teacher. Moreover, plaintiff's alleged statements to the Special Commissioner of Investigations and the Office of Special Investigations described a grading policy designed to advance students who by rights should have failed. If the policy did in fact exist, it would amount to a subject of general interest and of value and concern to the public.

Defendants also argue that plaintiff has not adequately alleged the adverse actions he suffered were caused by his speech. The structure of plaintiff's complaint and several of his allegations make clear that he is alleging that defendants took certain actions because of his speech to the two investigations units. Plaintiff alleges that before defendant Chin discovered that plaintiff had complained about him to the Department, defendant Chin signed off on a very positive teaching review for plaintiff for the 2015-2016 school year. Plaintiff alleges that defendant Chin found out about plaintiff's formal complaint after that review. The next section of the chronological narrative in plaintiff's complaint, entitled "retaliation during the 2016-2017 school year," lists disciplinary letters plaintiff received based on his job performance and defendant Chin's complaint against plaintiff filed with the Special Commissioner of Investigations. Plaintiff has, at this stage, adequately alleged causation.

Defendants' motion to dismiss plaintiff's First Amendment retaliation claims is therefore denied.

Finally, defendants move to dismiss plaintiff's claims under New York Civil Service Law § 75-b for failure to exhaust administrative remedies, or, in the alternative, move to stay this proceeding pending the outcome of plaintiff's disciplinary hearing under New York Education Law § 3020-a. Civil Service Law § 75-b provides various remedies for government employees who believe they were wrongfully disciplined. For those employees subject to dismissal or other disciplinary action under a " disciplinary procedure contained in a collectively negotiated agreement," the employee may assert the wrongful discipline as a defense in the course of that disciplinary procedure (for example, at a § 3020-a hearing). N.Y.C.S.L. § 75-b(3)(a). Only employees disciplined through a process that was not collectively negotiated may sue. See id. § 75-b(3)(c); see also Singh v. City of N.Y., 418 F. Supp. 2d 390, 403 (S.D.N.Y. 2005).

Plaintiff does not dispute that he is being subject to discipline under a collective-bargaining agreement. Defendants contend (and plaintiff does not contest) that the charges currently pending against plaintiff arose out of his conduct at a February 2017 Parents Association meeting and out of plaintiff's school-wide emails. Plaintiff's complaint alleges that those charges are one of several instances of retaliation against him.

Plaintiff's § 3020-a hearing will address one of the key issues underlying his retaliation claims under 42 U.S.C. § 1983 and Civil Service Law § 75-b. Therefore, the Court will stay this proceeding pending the outcome of that § 3020-a hearing. Plaintiff urges the Court not to stay this case, pointing to instances of retaliation alleged in his federal complaint that will not be addressed in the § 3020-a hearing, such as the disparaging teacher evaluations he received in December 2016, and March, May, and June 2017. However, even if the § 3020-a hearing does not resolve the entire case, it may well narrow the issues because findings from a § 3020-a hearing are entitled to preclusive effect. See Burkybile v. Bd. of Educ., 411 F.3d 306, 311 (2d Cir. 2005); see also Collins v. N.Y.C. Transit Auth., 305 F.3d 113, 115, 119 (2d Cir. 2002). Because plaintiff's unexhausted claims under the Civil Services Law are factually intertwined with his § 1983 claims, the Court stays this case until after the § 3020-a proceeding on those claims is complete.

## CONCLUSION

The Court grants in part and denies in part [18] defendants' motion to dismiss. Plaintiff's defamation and libels claims are dismissed. The remaining claims are stayed pending the outcome of plaintiff's § 3020-a hearing. Defendants are directed to advise the Court of the status of the § 3020-a proceedings by June 1, 2018 and every 60 days thereafter. In the event the

§ 3020-a proceedings become protracted for reasons other than plaintiff's conduct in those

proceedings, the Court may reconsider this stay.

**SO ORDERED.**

/s/(BMC)

U.S.D.J.

Dated: Brooklyn, New York
     May 7, 2018