

ZACHARY W. CARTER
*Corporation Counsel*

The City of New York
**Law Department**
100 CHURCH STREET
NEW YORK, NY 10007

CASSANDRA N. BRANCH
Assistant Corporation Counsel
Labor & Employment Law Division
Phone: (212) 356-4074
Fax: (212) 356-2439
Email: cbranch@law.nyc.gov
Email and Fax No. **Not** for Service of Papers

June 1, 2018

**BY ECF**

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

          Re:    *Ok v. New York Dep't of Educ., et al.*,
                   18 Civ. 0392 (BMC)
                   Our No. 2018-005857

Dear Judge Cogan:

      I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, assigned to represent defendants New York City Department of Education ("DOE"), Tyee Chin ("Chin"), and Luis Aguirre Amaya ("Amaya") in the above-referenced action. Defendant respectfully writes on behalf of both parties to provide the Court with a status update regarding the plaintiff's pending disciplinary hearing under Education Law § 3020-a, pursuant to his Court's Memorandum Decision and Order, dated May 8, 2018. *See* Docket Entry No. 21. Defendant also writes to request a 45-day extension of time to complete fact discovery from June 11, to July 26, 2018. This is defendant's first request for an extension of the parties' discovery schedule and plaintiff consents to this request. The parties do not anticipate that this extension will affect any other deadlines in this case.

      Plaintiff, a teacher employed by defendant DOE, brings retaliation claims pursuant to 42 U.S.C. § 1983 ("§ 1983") and New York State Civil Service Law § 75-b ("CSL § 75-b"). The Complaint alleges, *inter alia*, that defendants retaliated against him for exercising his rights under the First Amendment and engaging in protected activity. Plaintiff claims that this retaliation came in the form of various negative interactions with the administration of his school, poorly-rated lesson observations, and DOE preferring disciplinary charges against him pursuant to New York Education Law § 3020-a ("§ 3020-a"). Plaintiff also brings defamation and libel claims under the New York common law.

**HONORABLE BRIAN M. COGAN**
*Ok v. New York Dep't of Educ., et al.*,
18 Civ. 0392 (BMC)
June 1, 2018
Page 2

**A.** **Plaintiff's § 3020-a Hearing**

Defendant DOE preferred disciplinary charges against plaintiff for misconduct, harassment, insubordination, conduct unbecoming his position and neglect of duty on or about October 11, 2017. Following issuance of the § 3020-a charges, DOE reassigned plaintiff from the classroom to one of DOE's central teacher reassignment centers, pending resolution of plaintiff's § 3020-a charges.

The parties held discussions in an effort settle the issue of plaintiff's § 3020-a charges, but were unable to reach any agreement. Accordingly, plaintiff's disciplinary hearing will proceed before a hearing officer, pursuant to the Education Law. The undersigned is not representing DOE in prosecuting the § 3020-a charges, or otherwise participating in that matter. Plaintiff's hearing will be held from June 5, to June 6, 2018, and will continue over several dates to be determined near the end of June, 2018, or beginning of July 2018.

**B.** **Defendants' Extension Request**

Pursuant to the current discovery schedule, the parties' responses and objections to interrogatories and requests for documents, including electronic discovery ("e-discovery"), must be served by June 11, 2018. Defendants have been diligent in gathering the information and documents necessary to respond to plaintiff's paper discovery requests, but have concluded that it will not be feasible to respond to plaintiff's requests for e-discovery, including emails, in the time allotted.

The primary reason that defendants will not be able to respond to plaintiff's e-discovery requests by June 11th is that over twenty (20) gigabytes of email communications have been collected from defendants. This is a large amount of data, and those emails must be processed and searched. Due to the fact that plaintiff's last name, "Ok," is a common phrase, our office expects difficulty searching for documents related to plaintiff in a collection of over 125,000 documents. The undersigned must then review those emails herself for responsiveness to plaintiff's requests and privilege. Finally, the parties are still negotiating additional search terms proposed by plaintiff, which if agreed upon, would add to the already large amount of data that defendants have to review and possibly produce.

Accordingly, defendants respectfully request that the Court grant the parties a 45-day extension of time to July 26, 2018, to complete fact discovery.[1]

---

[1] The parties' request for an extension of time to complete fact discovery does not include depositions, which must be completed by August 13, 2018.

**HONORABLE BRIAN M. COGAN**
*Ok v. New York Dep't of Educ., et al.*,
18 Civ. 0392 (BMC)
June 1, 2018
Page 3

       Thank you for your consideration of this request.

                                       Respectfully submitted,

                                       _____/S/_____
                                       Cassandra Branch
                                       Assistant Corporation Counsel

cc:     **GLASS KRAKOWER, P.C.**
          Attorneys for Plaintiff