UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

SEUNG-YONG OK,

                                                  Plaintiff,        **ANSWER**

       -against-                                18 Civ. 0392 (BMC)

NEW YORK CITY DEPARTMENT OF EDUCATION; TYEE CHIN, FORMER PRINCIPAL OF FLUSHING HIGH SCHOOL, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; LUIS AGUIRRE AMAYA, ASSISTANT PRINCIPAL OF FLUSHING HIGH SCHOOL, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY,

                                                 Defendants.

------------------------------------------------------------------------x

        Defendants, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as set forth in that paragraph.

        2.     Paragraph "2" of the Complaint does not set forth any allegations requiring a response. To the extent that a response is required, defendants admit that plaintiff purports to proceed as set forth in that paragraph.

        3.     Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth in that paragraph.

        4.     Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth in that paragraph.

        5.     Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth in that paragraph.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth in that paragraph.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that a Notice of Claim, assigned claim number 17PI034604, was filed on or about December 13, 2017, naming plaintiff as a complainant, and that plaintiff purports to invoke the jurisdiction of the Court as set forth in this paragraph.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint, except admit that plaintiff self-identifies as a resident of the County of Queens, New York, and the State of New York.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that plaintiff is employed by defendant New York City Department of Education ("DOE)[1], and respectfully refer the Court to New York State Civil Service Law § 75-b(1)(b) for a complete and accurate statement of its contents. To the extent that the allegations in this paragraph call for a legal conclusion, no response is required.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that the DOE is a school board duly organized and existing under the New York Education Law, that the DOE maintains an office at 52 Chambers Street, New York, New York 10007, and that plaintiff is employed by DOE, and respectfully refer the Court to New York Education Law §§ 2590, *et seq.* for a complete and accurate statement of its contents. To the extent that the allegations in this paragraph call for a legal conclusion, no response is required.

---

[1] DOE is, formally, the Board of Education of the City School District of the City of New York.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that defendant Tyee Chin ("Chin") is employed by DOE, and that Chin was formerly assigned as Principal of Flushing High School ("FHS").

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that defendant Luis Aguirre Amaya ("Amaya") is employed by DOE, and that Amaya was formerly assigned as Assistant Principal of FHS.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that plaintiff began teaching as a substitute teacher within DOE schools beginning September, 1996.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that plaintiff was appointed as a probationary teacher and assigned to teach at FHS beginning September, 2010.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that plaintiff received overall "Satisfactory" annual ratings from the 2009-2010 to 2012-2013 school years, and overall "Effective" annual ratings from the 2013-2014 to 2016-2017 school years.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Admit the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint concerning the thoughts of teachers other than plaintiff, and admit that plaintiff sent an email to Chin dated December 2, 2015.

20. Admit the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit that Chin responded to plaintiff's December 2, 2015 email and refer the Court to the referenced email for a complete and accurate statement of its contents.

22. Deny the allegations set forth in paragraph "22" of the Complaint, except admit that Chin, plaintiff, and other teachers assigned to teach at FHS used DOE email to discuss FHS matters and refer the Court to the referenced emails for a complete and accurate statement of their contents.

23. Deny the allegations set forth in paragraph "23" of the Complaint, except admit that plaintiff emailed Carmen Sotomayor ("Investigator Sotomayor"), an Investigator in the office of the City's Special Commissioner of Investigation ("SCI") on or about March 28, 2016, regarding conduct by Principal Chin, and refer the Court to the referenced email for a complete and accurate statement of its contents.

24. Deny the allegations set forth in paragraph "24" of the Complaint, except admit that plaintiff emailed Investigator Sotomayor on or about March 28, 2016, and refer the Court to the referenced email for a complete and accurate statement of its contents.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint, except admit that plaintiff emailed Investigator Sotomayor on or about March 28, 2016, and refer the Court to the referenced email for a complete and accurate statement of its contents.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint, except admit that Cristina Bunch ("Investigator Bunch") was employed as an Investigator in DOE's

- 5 -

Office of Special Investigations ("OSI"), and that Investigator Bunch investigated plaintiff's complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint, except admit that plaintiff received a Measures of Teacher Practice ("MOTP") score of "Highly Effective" for the 2015-16 school year.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint, except admit that Amaya issued plaintiff a disciplinary letter on November 1, 2016, and refer the Court to the referenced letter for a complete and accurate statement of its contents.

33. Deny the allegations set forth in paragraph "33" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's survey of other teachers.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint, except admit that Chin responded to plaintiff's school-wide email on November 30, 2016, and refer the Court to the referenced email for a complete and accurate statement of its contents.

36. Deny the allegations set forth in paragraph "36" of the Complaint, except admit that Chin submitted a complaint to SCI on December 2, 2016 regarding plaintiff's use of the DOE email system, and refer the Court to the referenced email for a complete and accurate statement of its contents.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except admit that plaintiff emailed SCI on December 5, 2016 alleging retaliation by Chin, and refer the Court to the referenced email for a complete and accurate statement of its contents.

38. Deny the allegations set forth in paragraph "38" of the Complaint, except admit that plaintiff purports to have assisted in drafting a SCI complaint filed by five (5) FHS math teachers, dated December 7, 2017, and refer the Court to the referenced SCI complaint for a complete and accurate statement of its contents.

39. Deny the allegations set forth in paragraph "39" of the Complaint, except admit that plaintiff received "Developing," and "Ineffective" scores in individual components of the December 15, 2016 lesson observation conducted by Chin.

40. Deny the allegations set forth in paragraph "40" of the Complaint, except admit that Terri Wright ("Wright") was assigned to FHS as Chin's secretary during the 2016-2017 school year, and that Wright emailed plaintiff on January 12, 2017, and refer the Court to the referenced email for a complete and accurate statement of its contents.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint, except admit that plaintiff emailed Chin on January 30, 2017 regarding a staff meeting, and refer the Court to plaintiff's email for a complete and accurate statement of its contents.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint, except admit that plaintiff attended an interview conducted by SCI on February 1, 2017.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint concerning plaintiff's communications with another science teacher, except admit that plaintiff emailed Chin, Assistant Principal Thomas Carlomusto ("A.P. Carlomusto"), Superintendent Michael Alcoff ("Superintendent Alcoff") and former DOE Chancellor Carmen Fariña on February 8, 2017 regarding an altercation between several FHS students, and refer the Court to the referenced email for a complete and accurate statement of its contents.

47. Deny the allegations set forth in paragraph "47" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint regarding A.P. Carlomusto's statement that he received an affirmation from Dean Veronica Mackay about a school bullying incident, and admit that A.P. Carlomusto responded to plaintiff's February 8, 2017 email regarding the school bullying incident, and refer the Court to the referenced email for a complete and accurate statement of its contents.

48. Deny the allegations set forth in paragraph "48" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the contents of plaintiff's conversation with the parent of a FHS student.

49. Deny the allegations set forth in paragraph "49" of the Complaint, except admit that Assistant Principal Patricia Cuti ("A.P. Cuti") gave a presentation during a FHS Parent Association meeting held on February 15, 2017, that plaintiff addressed attendees to discuss an altercation between students, and that plaintiff distributed documents regarding credit accumulation during the meeting.

50. Deny the allegations set forth in paragraph "50" of the Complaint, except admit that plaintiff attended FHS's Parent Association meeting on February 15, 2017 and discussed Regents Examination passing rates of FHS students.

51. Deny the allegations set forth in paragraph "51" of the Complaint, except admit that defendant Amaya issued plaintiff a disciplinary letter dated February 15, 2017, concerning plaintiff's documentation of student progress and grades in DOE's "Skedula" program, and refer the Court to the referenced letter for a complete and accurate statement of its contents.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint, except admit that Amaya conducted an observation of plaintiff's teaching on December 13, 2016.

53. Deny the allegations set forth in paragraph "53" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint regarding plaintiff's beliefs concerning the outcome of his December 13, 2016 lesson observation.

54. Deny the allegations set forth in paragraph "54" of the Complaint, except admit that plaintiff emailed Investigator Carbone on or about March 4, 2017, and refer the Court to the referenced email for a complete and accurate statement of its contents.

55. Deny the allegations set forth in paragraph "55" of the Complaint, except admit that plaintiff received a "developing" rating in a sub-component of his December 13, 2016 lesson observation.

56. Deny the allegations set forth in paragraph "56" of the Complaint, except admit that defendant Chin issued plaintiff a disciplinary letter dated March 15, 2017 concerning

plaintiff's conduct at FHS's Parent Association meeting on February 15, 2017, and refer the Court to the referenced disciplinary letter for a complete and accurate statement of its contents.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint, except admit that Chin issued a letter on or about April 26, 2017 and refer the Court to the referenced letter for a complete and accurate statement of its contents.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint, except admit that Jonathan May, a SCI Investigator, interviewed plaintiff and other FHS staff in its investigation of a complaint filed by Chin concerning plaintiff's communications with the New York Post in connection with the article alleging that FHS students were being taught algebra in their geometry classes.

61. Deny the allegations set forth in paragraph "61" of the Complaint, except admit that Amaya issued plaintiff a lesson observation rating individual components of plaintiff's May 26, 2017 lesson as "developing" and "ineffective."

62. Admit the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint, except admit that Chin issued plaintiff a disciplinary letter dated June 27, 2017, concerning plaintiff's failure to keep academic records on his students, and refer the Court to the referenced letter for a complete and accurate statement of its contents.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Admit the allegations set forth in paragraph "65" of the Complaint.

66. Admit the allegations set forth in paragraph "66" of the Complaint, except deny that SCI Report's findings were inaccurate.

67. Admit the allegations set forth in paragraph "67" of the Complaint, and refer the Court to the referenced letter for a complete and accurate statement of its contents.

68. Deny the allegations set forth in paragraph "68" of the Complaint, except admit that New York Education Law § 3020-a addresses the discipline of tenured teachers, that DOE preferred disciplinary charges against plaintiff pursuant to § 3020-a on Chin's recommendation, and refer the Court to the referenced § 3020-a Charges and Specifications for a complete and accurate statement of their contents.

69. Deny the allegations set forth in paragraph "69" of the Complaint, except admit that plaintiff was removed from FHS pending resolution of his § 3020-a disciplinary charges.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint, except admit that Chin was removed as Principal of FHS on or about October 19, 2017.

72. Deny the allegations set forth in paragraph "72" of the Complaint, except admit that Chin was reassigned following his removal from FHS.

73. In response to paragraph "73" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "72" as if fully set forth here.

74. Deny the allegations set forth in paragraph "74" of the Complaint, except to the extent the allegations call for a legal conclusion, no response is required.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. In response to paragraph "76" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "75" as if fully set forth here.

77. Deny the allegations set forth in paragraph "77" of the Complaint, except to the extent the allegations call for a legal conclusion, no response is required.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint, except to the extent the allegations call for a legal conclusion, no response is required.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. In response to paragraph "81" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "80" as if fully set forth here.

82. Deny the allegations set forth in paragraph "82" of the Complaint, except to the extent the allegations call for a legal conclusion, no response is required.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint, except to the extent the allegations call for a legal conclusion, no response is required.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Paragraph "87" of the Complaint contains no allegations requiring a response. To the extent that a response is required, defendants admit that plaintiff purports to proceed as stated in that paragraph.

### **AS AND FOR A FIRST DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:**

88.     The Complaint fails to state a claim upon which relief can be granted.

### **AS AND FOR A SECOND DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:**

89.     Any damages sustained by plaintiff were caused by plaintiff's own negligent or otherwise culpable conduct.

90.     The damage claims contained in the Complaint are barred, in whole or in part, by plaintiff's failure to mitigate damages.

### **AS AND FOR A THIRD DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:**

91.     The Complaint's request for punitive damages is barred because punitive damages are not available against a government or a governmental subdivision.

### **AS AND FOR A FOURTH DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:**

92.     Defendants had legitimate, non-discriminatory, non-retaliatory business reasons for taking all of the employment acts complained of in the Complaint. At all times relevant to the Complaint, defendants acted lawfully, properly, rationally, without malice and in good faith.

### **AS AND FOR A FIFTH DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:**

93.     The Complaint is barred, in whole or in part, by the doctrines of claim preclusion, issue preclusion, *res judicata*, collateral estoppel, judicial estoppel or any combination of these doctrines.

- 13 -

### **AS AND FOR A SIXTH DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:**

94. The Complaint is barred, in whole or in part, by plaintiff's failure to exhaust administrative remedies.

### **AS AND FOR A SEVENTH DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:**

95. Defendants Chin and Amaya are immune from suit under 42 U.S.C. § 1983 under the doctrine of qualified immunity.

### **AS AND FOR AN EIGTH DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:**

96. Even assuming that plaintiff engaged in speech protected by the First Amendment, and that such speech was a substantial or motivating factor in the decision to take any of the complained of employment actions, defendants are not liable because they would have made the same decision in the absence of such speech.

**WHEREFORE**, defendants respectfully request that the Complaint be dismissed in its entirety, that the relief requested be denied in all respects, that judgment be entered for defendants, and that defendants be granted costs, fees, and expenses together with such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        January 24, 2019

          **ZACHARY W. CARTER**
          Corporation Counsel of the
            City of New York
          Attorney for Defendants
          100 Church Street, Room 2-176
          New York, New York 10007-2601
          (212) 356-4074
          cbranch@law.nyc.gov

By:   [ECF]       /S/
            Cassandra N. Branch
          Assistant Corporation Counsel