1

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
   - - - - - - - - - - - - - - - - X
                                    :
     SEUNG-YONG OK,                 :   18-CV-00392(BMC)
                                    :
            Plaintiff,              :
                                    :
                                    :   United States Courthouse
      -against-                     :   Brooklyn, New York
                                    :
                                    :
                                    :   October 29, 2018
     NEW YORK CITY DEPARTMENT       :   10:30 a.m.
     OF EDUCATION, ET AL.,          :
                                    :
            Defendants.

   - - - - - - - - - - - - - - - - X

         TRANSCRIPT OF CIVIL CAUSE FOR INITIAL CONFERENCE
                BEFORE THE HONORABLE BRIAN M. COGAN
                   UNITED STATES DISTRICT JUDGE


                       A P P E A R A N C E S:

   For the Plaintiff:   GLASS KRAKOWER LLP
                        100 Church Street, 8th Floor
                        New York, New York 10007

                        BY:  BRYAN D. GLASS, ESQ.


   For the Defendant:   NEW YORK CITY LAW DEPARTMENT
                        100 Church Street, Room 2-314
                        New York, New York 10007

                        BY:  CASSANDRA NATASHA BRANCH, ESQ.


   Court Reporter:      Denise Parisi, RPR, CRR
                        Official Court Reporter
                        Telephone: (718) 613-2605
                        E-mail:  DeniseParisi72@gmail.com

   Proceedings recorded by computerized stenography.  Transcript
   produced by Computer-aided Transcription.
```

1               (In open court.)
2               THE COURTROOM DEPUTY:  All rise.
3               THE COURT:  Good morning.  Have a seat, please.
4               THE COURTROOM DEPUTY:  Ok v. New York City
5    Department of Education, et al., Docket No. 18-CV-392.
6               Counsel, please state your appearances starting for
7    the plaintiff.
8               MR. GLASS:  Good morning, Your Honor.  Bryan Glass
9    for Mr. Ok -- Seung Ok, plaintiff.
10              MS. BRANCH:  Cassandra Branch, New York City Law
11   Department.
12              THE COURT:  Okay.  So we've got the result of the
13   3020-a.  Do I recall correctly that there was a separate claim
14   for relief in the complaint under the civil service law?
15              MR. GLASS:  Yes.  75-b.
16              THE COURT:  What does that do?
17              MR. GLASS:  I pled it in other complaints.  It's --
18              THE COURT:  That doesn't mean you ever did it right.
19              MR. GLASS:  I'm sorry?
20              THE COURT:  Just because you've done it, it doesn't
21   mean that it's right.  What is it?
22              MR. GLASS:  It's a whistle-blower claim for adverse
23   personnel actions taken by the City, and there have been
24   various cases deciding that by different courts, some of them
25   have actually proceeded to discovery, sometimes they have been

1  dismissed.  I pled them -- there is some positive case law
2  that a 75-b claim can survive independent of the first
3  amendment claim.
4              THE COURT:  Hang on one second.  I'm just trying to
5  look at the statute.
6              (Pause.)
7              THE COURT:  So it looks like it turns it into a
8  labor law violation if -- that's only for nonpublic employees.
9  It looks like it's just an affirmative defense the way the
10 statute is worded.  It doesn't look like a claim for relief.
11             MR. GLASS:  I thought 75-b provides that a public
12 employer from taking disciplinary action against the -- I'm
13 sorry -- prohibits a public employer from taking disciplinary
14 action against a public employee --
15             THE COURT:  Yes.
16             MR. GLASS:  -- because that employee reveals
17 information to a governmental body regarding a violation of
18 law, rule, or regulation.
19             THE COURT:  Yes.  It prohibits a public employer
20 from doing that.  What happens if the public employer does
21 that in violation of the statute?
22             MR. GLASS:  I understood there are remedies provided
23 for that.
24             THE COURT:  I'm looking at them.  It looks like it's
25 in Section 3-A:  He or she may assert such as a defense before

1  the designated arbitrator or hearing officer.  That's why I
2  say it looks like a defense, not a claim.  I don't see
3  anything providing a judicial as opposed to an administrative
4  remedy.
5            Does the DOE have any different understanding?
6            MS. BRANCH:  Yes, Your Honor.  Yes, Your Honor, and
7  I think this is something that we had discussed at a prior
8  conference as well.  The defendants did send in a letter
9  arguing that the 75-b claim would be precluded because the
10 plaintiff is covered by a public employee contract.  And yes,
11 the defendants also believe that there is no remedy for a 75-b
12 claim.  It's only something to be offered at an arbitration
13 hearing like the plaintiff's 3020-a as a reason for taking the
14 action that he did.
15           THE COURT:  I don't think your motion to dismiss
16 made that argument, did it?
17           MS. BRANCH:  Yes, there was a -- I believe that
18 defense sent in two letters --
19           THE COURT:  No, but you had a motion to dismiss.
20           MS. BRANCH:  It was a conference letter, and then
21 there was a first letter that we sent in, which I supplemented
22 with a second one, the first of the letters that I sent into
23 the Court.
24           THE COURT:  I know there were letter motions.
25           MS. BRANCH:  Yes.

1  THE COURT: I granted the motion in part dismissing
2  the defamation and liable claims. I didn't dismiss the First
3  Amendment claims.
4  MS. BRANCH: The First Amendment claims.
5  THE COURT: Yes.
6  MS. BRANCH: Right.
7  THE COURT: What did I do, and what did you ask me
8  to do with this civil service claim?
9  MS. BRANCH: I believe the 75-b claim, Your Honor --
10 I believe that the 75-b claim, Your Honor, stated that the
11 Court would reserve anything on that --
12 THE COURT: Right.
13 MS. BRANCH: -- until the 3020-a was resolved.
14 THE COURT: I denied the motion to dismiss because
15 the administrative remedies hadn't been exhausted.
16 MS. BRANCH: Correct.
17 THE COURT: Now they have been exhausted.
18 MS. BRANCH: Yes.
19 THE COURT: The defense, under 75-b, was raised in
20 the administrative proceedings, I believe, right?
21 MS. BRANCH: I'm sorry, can you repeat that one more
22 time, please?
23 THE COURT: It seems to me that in opposition to the
24 arbitration proceedings, the plaintiff did raise retaliation
25 as a defense. He did raise 75-b; am I wrong?

Proceedings 6

1 MS. BRANCH: I don't believe so.
2 THE COURT: Okay. What is left for me to do with
3 75-b?
4 MS. BRANCH: Well, at this point, Your Honor, I
5 don't believe there's anything left for the Court to do.
6 THE COURT: Let me ask plaintiff's lawyer.
7 What should I do with 75-b. It seems to me that it
8 does not give you a judicial remedy.
9 MR. GLASS: I'm looking at case law *Tipaldo vs. Lynn*
10 as a case, 76 AD3d 477, First Department --
11 THE COURT: Excuse me. Someone who litigates has to
12 be constantly aware of the court reporter, because if you talk
13 that fast, they can't possibly write it down.
14 Now, tell me the citation of the case you just
15 mentioned, please.
16 MR. GLASS: *Tipaldo vs. Lynn*, T-I-P-A-L-D-O, vs.
17 *Lynn*, L-Y-N-N, 76 AD3d 477, First Department 2010. I believe
18 there is a cause of action for retaliatory termination or
19 retaliatory personnel actions against the public employee
20 under that statute and --
21 THE COURT: I think what I'm seeing is that that is
22 only the case when you are not covered by a CBA. That's what
23 75-b seems to suggest.
24 MR. GLASS: *Tipaldo*, I believe, was covered by a
25 CBA. Mr. Tipaldo, in that case -- in fact, I think I

1  litigated that case with the City and received a handsome
2  settlement, so I think there's some interpretation as to what
3  the CBA exactly covers regarding whistle-blower employees,
4  teachers.  I mean, there is a CBA, obviously, but doesn't
5  expressly cover someone who is claiming retaliation other than
6  in a defense context, and so I believe that there is a
7  separate --
8            THE COURT:  I've got you.  It's okay.  Everyone just
9  stand by.
10           (Pause.)
11           THE COURT:  I see.  It's not a CBA.  It has to do
12 with whether the employer is a public employer or a private
13 employer.  If it's a public employer, there's no judicial
14 remedy; and if it's a private employer, then there is a
15 judicial remedy.  That's in subsection 3-C.  It says:  Where
16 an employee is not subject to any of the provisions of
17 paragraphs A or B of this subdivision -- that's the public
18 employer -- the employee may commence an action in a court of
19 a competent jurisdiction under the same terms and conditions
20 as set forth in Article 20-C of the labor law.
21           So A and B pertain to public employers and public
22 employees, so I don't think you've got a judicial remedy for
23 this, okay?
24           Look at it, realize I'm right, write me a letter
25 within a week withdrawing that claim so we don't have to worry

                            Proceedings                            8

1    about it.
2             MR. OK:  Your Honor, is there anything that I can
3    say --
4             THE COURT:  Excuse me.  No, there's nothing you can
5    say --
6             MR. OK:  Sorry.
7             THE COURT:  -- unless you want to be pro se, which I
8    would not advise at all.
9             MR. OK:  Sorry.  Sorry about that.
10            THE COURT:  Okay.
11            Next, I would like to have this case trial-ready
12   soon.  I have colleagues who are after me to take my cases and
13   try them.  How long do you need for discovery?  You have just
14   been through the hearing.  You shouldn't have anything to
15   discover.
16            MR. GLASS:  We haven't exchanged responses.  Our
17   responses are ready to go.  Discovery was stayed.  We do have
18   a settlement conference today, as Your Honor may be aware,
19   with Judge Scanlon --
20            THE COURT:  That's irrelevant to me.
21            MR. GLASS:  But I still think we would like some
22   discovery.  We would like to depose the principal.
23            THE COURT:  Didn't the principal testify at the
24   3020-a?
25            MR. GLASS:  No, he did not.

Proceedings 9

1  THE COURT:  All right.  Let's suppose, then, that I
2  give you 60 days for discovery; is that enough?
3  MS. BRANCH:  Yes, Your Honor.
4  THE COURT:  I don't see -- I'm speaking to the
5  defendant here -- I don't see a motion here at this point.  I
6  don't see a summary judgment motion.  The way I read the
7  3020-a decision, there's no way to avoid there being an issue
8  of fact as to what the motivation was for the disciplinary
9  action.  You know, that's essentially -- you had rejected it,
10 the 3020-a, that it was because of unacceptable conduct.
11 MS. BRANCH:  Well, Your Honor, the 3020-a had four
12 charges, and the defendants' position is that the plaintiff
13 was still found guilty on the two charges, which were the main
14 focus of the activity described in the complaint, so at the
15 end of the day, there still was a legitimate reason for
16 disciplining the plaintiff --
17 THE COURT:  I think you are right about that.  Some
18 of the reasons that the arbitrator found were legitimate, some
19 were not, but that does not exclude the possibility of saying
20 there was, in addition to those reasons --
21 MS. BRANCH:  I understand.
22 THE COURT:  That's why I'm saying, I don't think you
23 have a motion.
24 So you should all plan on trying this case in late
25 January.  That schedule will be immovable, because, as I say,

Proceedings 10

1 I have many colleagues nipping at my heels asking for cases to
2 try, so speak now or forever hold your peace. Any reason we
3 can't do 60 days and then trial?
4       MR. GLASS: Not from plaintiff's perspective.
5       MS. BRANCH: I don't believe so, Your Honor;
6 however, the defendants would still, as far as the remaining
7 75-b claim, and the --
8       THE COURT: He's going to withdraw that this week.
9       MS. BRANCH: Well, the First Amendment retaliation
10 claim, then, is the only one that remains, right?
11       THE COURT: I think that's right.
12       MS. BRANCH: Okay.
13       THE COURT: Simple case. Try it in two or three
14 days.
15       So let's do that, since I'm not hearing any
16 objections. And if strange things happen to me, then I will
17 see you the end of January; and if they don't, then you will
18 see another Judge at the end of January.
19       MS. BRANCH: Your Honor, for the 60 days for
20 discovery, that's including the discovery that we discussed at
21 the prior conference, as well as depositions and --
22       THE COURT: That's why I asked you is it enough
23 time.
24       MS. BRANCH: Yes. Will defense be allowed an
25 opportunity to present a letter in favor of moving for summary

1  judgment depending on what the depositions reveal?
2          THE COURT:  I'm not going to stop you from moving
3  for summary judgment if you want to.  I'm telling you, I may
4  just write "denied" on it the day you file it based on what I
5  see so far about this case.  If I read your motion and the
6  motion gives me something I haven't thought of, then fine, we
7  will delay the trial for a few weeks to litigate the motion,
8  but I don't want you to get your hopes up in thinking that you
9  have got a motion that will take until March or April to
10 decide, because, at this point, I don't think it will, but I'm
11 not stopping you from filing it.
12         MS. BRANCH:  Yes, Your Honor.  So by which point --
13 60 days from today would be the end of discovery?
14         THE COURT:  Yes.
15         MS. BRANCH:  By what date would Your Honor want a
16 letter requesting a summary judgment?
17         THE COURT:  You can just move.  I'm waiving the
18 pre-motion letter.  Just file your motion.  But be careful
19 when you file that motion, okay?  Don't file it just because
20 that's what we generally do in our cases.
21         MS. BRANCH:  Yes, Your Honor.
22         THE COURT:  Okay.
23         Anything else?
24         MS. BRANCH:  No, Your Honor.
25         THE COURT:  Okay.

Denise Parisi, RPR, CRR
Official Court Reporter

1        Thank you very much.  Good luck.

2        MR. GLASS:  Thank you.

3        (Matter concluded.)

4

5                    *     *     *     *     *

6

7   I certify that the foregoing is a correct transcript from the
    record of proceedings in the above-entitled matter.
8

9       /s/ Denise Parisi                    November 26, 2018
    _____       _____
10       DENISE PARISI                              DATE

                            Denise Parisi, RPR, CRR
                              Official Court Reporter