UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
SEUNG-YONG OK,                                         :
                                                       :
                              Plaintiff,               :
                                                       :      **ORDER**
            - against -                                :
                                                       :      18-cv-392 (BMC)
NEW YORK CITY DEPARTMENT OF                            :
EDUCATION; TYEE CHIN, FORMER                           :
PRINCIPAL OF FLUSHING HIGH SCHOOL,                     :
IN HIS OFFICIAL AND INDIVIDUAL                         :
CAPACITY; and LUIS AGUIRRE AMAYA,                      :
ASSISTANT PRINCIPAL OF FLUSHING                        :
HIGH SCHOOL, IN HIS OFFICIAL                           :
CAPACITY AND INDIVIDUAL CAPACITY,                      :
                                                       :
                              Defendants.              :
--------------------------------------------------------- X

**COGAN**, District Judge.

The parties' objections to the exhibits are disposed of as follows. The parties should note

that as to any ruling rejecting a hearsay objection on the ground that the evidence is being

offered for a non-hearsay purpose, the Court will instruct the jury accordingly if the objecting

party proposes a limiting instruction.

**I.      Defendants' objections to plaintiff's exhibits**

- **Exhibit (1)**

The complaint is hearsay and thus inadmissible when offered by plaintiff. See Edelhertz

v. City of Middletown, 943 F. Supp. 2d 388, 391 n.2 (S.D.N.Y. 2012).

- **Exhibit (2)**

The email chain that plaintiff seeks to introduce is a conversation between plaintiff and

defendant Chin, plaintiff's former supervisor and principal of the high school. I am overruling

defendants' hearsay and relevance objections because plaintiff is claiming he was subjected to

retaliation partially because of this email. Thus, plaintiff's statements are not being offered for its truth, but to shows its effect on the listener. Chin's statements are also admissible as the admission of a party opponent, see Rule 801(d)(2)(A), and plaintiff's words provide essential context to Mr. Chin's admissions.

- **Exhibit (3) and (4)**

Plaintiff seeks to admit two newspaper articles. Newspaper articles are generally inadmissible hearsay under Rule 801(c) when offered for the truth of the matter asserted. See Ladner v. City of New York, 20 F. Supp. 2d 509, 519 (E.D.N.Y. 1998). Defendants' objection as to Exhibit (3), an article with no relevance to plaintiff or this case, is sustained. However, I will defer ruling on Exhibit (4), an article from November 8, 2013, in which plaintiff is identified by name and quoted multiple times. At the pretrial conference, plaintiff should articulate a theory of admissibility as to this exhibit.

- **Exhibit (5)**

The email exchange between plaintiff and Chin is admissible for reasons stated for admitting Exhibit (2).

- **Exhibit (6); Exhibit (11); Exhibit (20); Exhibits (23) – (25); Exhibit (42); Exhibits (45) - Exhibit (46); Exhibit (68); and Exhibits (75) – (76)**

Plaintiff seeks to introduce his annual professional performance reviews and other emails written by defendants concerning his teaching ability. Defendants object under Rule 402, 403, and 901, arguing that plaintiff's abilities as a teacher are not relevant. If offered for the sole purpose of showing plaintiff's character as an "excellent" teacher, the reviews would constitute inadmissible character evidence, see Rule 404(a)(1). Just as I would preclude negative disciplinary history, this equally applies to positive aspects of plaintiff's performance history. See Redd v. New York Div. of Parole, 923 F. Supp. 2d 393, 401 (E.D.N.Y. 2013). However, I

will permit plaintiff to introduce his performance reviews and defendants' previous descriptions of plaintiff's teaching abilities for the limited purpose of demonstrating that defendants consistently and positively rated plaintiff, but changed course after plaintiff filed multiple formal complaints against defendants. The resulting lower marks may demonstrate a causal connection between plaintiff's protected communications with authorities and defendants' alleged acts of reprisal.

- **Exhibit (7)**

Defendants object to this email chain under the rule of completeness, <u>see</u> Rule 106. At the pretrial conference, defendants should be prepared to articulate what is missing.

- **Exhibit (8)**

The email regarding the department's increased scholarship report passing rate from December 2015 is irrelevant under Rule 401. Unlike the performance evaluations and emails noted above, this email pertains to an overall department and does not directly pertain to plaintiff's individual performance. If plaintiff seeks to admit this exhibit for an alternative purpose, he should articulate a theory of admissible at the pretrial conference.

- **Exhibit (9)**

The December 2015 email from defendant Amaya, plaintiff's former supervisor and the school's Vice Principal, positively reviewing plaintiff's teaching capabilities, constitutes inadmissible character evidence if offered by plaintiff to show his teaching capabilities. <u>See</u> Rule 404(a)(1). But it is being offered to demonstrate how he was treated differently after filing a complaint against defendants on March 2016, a non-propensity purpose. The exhibit will be admitted.

- **Exhibit (10)**

I will admit this exhibit pursuant the reasons stated for admitting Exhibit (2).

- **Exhibit (12)**

Plaintiff claims to have made a formal complaint to authorities alleging defendant Chin violated the "DO's and DON'Ts [of] Survey Administration" by instructing the teachers to "be conscious" of how they respond to the survey. This document is relevant because it supports plaintiff's argument that his complaint against Chin was legitimate. Defendants' relevance objection is overruled.

- **Exhibit (13)**

Plaintiff's email accusing Chin of attempting to inappropriately influence the responses to the survey is admissible because the plaintiff claims he was retaliated against for subsequently filing a similar allegation against Chin a few days later with the Office of Special Commissioner of Investigations ("SCI"). This email goes to Chin's state of mind and his knowledge that plaintiff was the individual who reported him to authorities.

- **Exhibit (14)**

Plaintiff's email to Chancellor Farina and others superiors alleging Chin was actively committing misconduct will be admitted into evidence. Plaintiff's statements will not be admitted to prove the truth of the matter asserted. Rather, his email will be admitted for the limited purpose of demonstrating that he made a protected communication against Chin and also implicitly threatened to report Chin's superiors and the others to the Public Advocate's Office if they did not act upon his allegations, non-hearsay purposes. See Howley v. Town of Stratford, 217 F.3d 141, 155 (2d Cir. 2000).

- **Exhibit (15)**

The majority of this email exchange pertains to individuals unrelated to this instant litigation. The only portions I will permit into evidence are the following: (1) Chin's statement, "Nothing you say or do will make a difference with these two," a reference to plaintiff and another individual; (2) Ms. Cuti's question prompting Chin's response; (3) the first sentence of Mr. Marzian's email ("Thank you Mr. Ok for bringing to light an important issue that many people remain reticent about"); and (4) plaintiff's initial e-mail (sent March 16, 2016). The rest of this email exchange is inadmissible hearsay and otherwise irrelevant, and alternatively inadmissible under Rule 403 because it will waste time and confuse the issues. Nor do these portions provide essential context to the admissible portions of this email conversation.

- **Exhibit (16)**

I will admit this for reasons stated for admitting Exhibit (13).

- **Exhibit (17)**

This email is duplicative of Exhibit (15), and my ruling to that exhibit applies to Exhibit (17).

- **Exhibit (18)**

I will admit this for reasons stated for admitting Exhibit (13).

- **Exhibit (19)**

The exhibit is an email by plaintiff to SCI lodging a formal complaint against Chin. The fact that plaintiff made a protected communication against defendant is relevant to this case, and it is being offered for additional non-hearsay purposes (i.e., effect on the listener and subsequent conduct). Chin was investigated because of plaintiff's specific allegations and became aware that plaintiff was the whistleblower. Defendants' objection is overruled.

- **Exhibit (21)**

Plaintiff seeks to introduce an hour-long recording of his interview with SCI. I am sustaining defendants' objection because a party generally cannot introduce his own statement under Rule 801(d)(2). <u>See</u> <u>Beechwood Restorative Care Ctr. v. Leeds</u>, 856 F. Supp. 2d 580, 594 (W.D.N.Y. 2012). There is no evidence that Chin was privy to the contents of this entire interview, so its effect on him is non-existent. If plaintiff can demonstrate another basis for introducing this exhibit, he may seek reconsideration at the pretrial conference.

- **Exhibit (22)**

Exhibit (22) is a newsletter written by Chin, which he sent to the school's faculty, including plaintiff. Chin describes the "lack of trust" among the staff, the "negativity", and how "some staff members insist[] on continuing to be negative." The newsletter was sent after plaintiff's public statements, many of which directly criticized Chin, and thus the newsletter could be interpreted as a direct response to plaintiff's actions. Its probative value is not substantially outweighed by any unfair prejudice to defendants. Also, it is not offered to prove Chin's character, but under Rule 404(b) to show his motive, state-of-mind, and intent to retaliate against plaintiff. Accordingly, I am overruling defendants' objection under Rule 403, 404, 802 and 901.

- **Exhibit (26)**

The SCI investigation initiated by plaintiff's statements against Chin repeats out-of-court statements of various individuals and thus constitutes inadmissible double hearsay. <u>See</u> <u>Howard v. MTA Metro-North Commuter R.R.</u>, 866 F. Supp. 2d 196, 211 (S.D.N.Y. 2012). At trial, plaintiff may elicit evidence that he made a complaint to SCI and that an investigation occurred,

both non-hearsay purposes.  However, the SCI report and its contents may not be introduced into evidence.

- **Exhibit (27)**

Plaintiff's email to Chancellor Farina and others superiors alleging the administration is violating its contract with the Teacher's Union is not offered to prove the truth of the matter asserted.  Rather, his email is being admitted for the limited purpose of demonstrating that plaintiff exercised his First Amendment right and defendants' knowledge of his statement.  The exhibit will be admitted into evidence.

- **Exhibit (28) and Exhibit (93)**

These exhibits are emails from Chin to another teacher, reprimanding her for posting negative comments about other staff members on social media and divulging confidential information about other staff members.  It appears that all the school's faculty members are copied to the email, except plaintiff, whose email address is absent from the carbon copy line.  Because the email's content is not directed at plaintiff, it is irrelevant under Rule 401.  More importantly, it is a prior act by Chin offered by plaintiff to prove that Chin had a propensity to reprimand and "silence" outspoken teachers, constituting impermissible character evidence, see Rule 404(a).  For these reasons, the email may not be introduced into evidence.

- **Exhibit (29)**

An email plaintiff sent to the Superintendent and Executive Superintendent, where Chin is copied, will be admitted for the non-hearsay purpose of demonstrating its effect on the listener and to show that plaintiff made the statement.  Also, this email will be admitted to show that Chin had a greater motive to retaliate against plaintiff because he directly contacted Chin's superiors about his imprudent policies.  However, the first paragraph of plaintiff's email, where

he describes how his performance as a teacher exceeded the rest of his department, will be redacted.  It is hearsay when offered by plaintiff and impermissible character evidence under Rule 404(a).

- **Exhibit (30)**

I am deferring ruling on this exhibit until the pretrial conference.

- **Exhibit (31)**

Defendants object under Rule 106 to an email exchange between Chancellor Farina and Deputy Chancellor Gibson, where plaintiff is described as a "bad apple."  At the pretrial conference, defendants should be prepared to articulate what is missing.  <u>See</u> Rule 106.

- **Exhibit (33)**

I am overruling defendants' relevance objection to this exhibit.  It demonstrates that plaintiff, after filing an official complaint against Chin with SCI, was subsequently reprimanded by Chin after he realized plaintiff was the whistleblower.  It is direct evidence that defendants sought to retaliate against plaintiff for making a protected communication only a few months earlier.  Defendants' Rule 805 objection is also overruled.  The first level of hearsay is overcome because the document is a statement of a party opponent, and the second level of hearsay is overcome because plaintiff's questions in the document are not offered for the truth of the matter asserted; it only matters that defendants heard those words and decided to issue this "Letter to File" because of plaintiff's "inadequate" teaching style.

- **Exhibit (34)**

Defendants' relevance and hearsay objections to the exhibit are overruled.  The statement from Chancellor Farina that the "[p]rincipal should not be answering publicly" to plaintiff's email is not offered for the truth of the matter asserted.  It only matters that it was said and that

Farina believed this to be true. It reveals that Chin, Farina's subordinate, would have had even a greater motive to retaliate against plaintiff because his superiors became aware of Chin's public feuds with plaintiff and that Chin's superiors did not approve of his tactics of publicly responding to plaintiff's emails.

- **Exhibit (35)**

Defendants objects to an email Chin's secretary forwards at his direction because the "document is incomplete." At the pretrial conference, defendants should be prepared to articulate what is missing. See Rule 106.

- **Exhibit (36)**

I am sustaining defendants' Rule 402, 403, 802, and 901 objections to this exhibit because plaintiff is offering his out-of-court statement into evidence and the email is not directed to any defendants. Even though the email's salutation is to "Chancellor Farina," the email address to which plaintiff's sent the message does not belong to Farina, but to Ms. Oveida Martinez, another teacher.

- **Exhibit (37)**

Defendants' only objection to this email is a request to remove pages of which are redacted under the attorney-client communication privilege (pages D3103-04). It would be impermissible for the jury to draw a negative inference from the invocation of the privilege, and thus pages D3013-04 shall be removed.

- **Exhibit (38)**

Plaintiff's email to Investigator King contains inadmissible double hearsay. The only portion that would be admissible is defendant Amaya's email to plaintiff on pages P0003-04, as an admission of a party opponent. The remainder of the exhibit, a compilation of various

statements by non-parties and plaintiff, should be redacted.

- **Exhibit (39)**

Defendants object to the exhibit, arguing it contains plaintiff's "self-serving" hearsay. However, defendants claim that their legitimate, non-retaliatory reason for pursuing administrative action against plaintiff was because of his "inappropriate" emails. Thus, plaintiff's words are not offered for its truth, but to show its effect on defendants. Furthermore, the exhibit contains the admissions of defendants, and plaintiff's statement provide essential context to the entire discussion. See Arista v. Records LLC v. Lime Grp. LLC, 784 F. Supp. 2d 398, 420 (S.D.N.Y. 2011) ("Where a statement is deemed admissible as an admission of a party-opponent under Rule 801(d)(2), the surrounding statements providing essential context may also be considered."). The exhibit will be admitted in its entirety.

- **Exhibit (40)**

This email exchange is among defendants, plaintiff, and various staff members from the school. The statements of defendants and plaintiff will be admitted for reasons stated above.

As to the emails of Mr. Marzian and Ms. Berhumoglu, I will only admit a portion of their statements for a non-hearsay purpose. By "replying to all," the two individuals express support for plaintiff's preceding critical email of the school's administration. Plaintiff could reasonably argue that defendants thus had a greater motive to act and retaliate against him if they believed that he was galvanizing his peers and convincing other teachers of his complaint's validity (defendants would have less reason to "silence" plaintiff if he was merely a single dissident categorically ignored by his peers). Thus, the public display of support from Mr. Marzian and Ms. Berhumoglu are not offered for the truth of the matter asserted.

Rather, the significance behind their statements is that they were made publicly and

became known to defendants. Accordingly, the first line of Mr. Marzian's email, where he states that he agrees with plaintiff will be admitted, but the rest of his email shall be redacted. As to Ms. Berhumoglu's email, I will permit into evidence the first paragraph of her email, along with the following sentence: "Mr. Ok, if your hoped-for meeting with Chancellor Farina comes to fruition, I am available periods 5, 6, and 9 should you think I could be of help."

- **Exhibit (41)**

At first glance, the letter written by Ms. Wright to the SCI, summarizing plaintiff's behavior and requesting a formal investigation, appears to be inadmissible hearsay because she is not a party to this litigation. However, Wright is also Chin's secretary and, based on my review of the exhibits, it appears that she has, in the past, sent out emails at Chin's direction. Therefore, I am deferring ruling on this exhibit. If plaintiff can establish that Wright was merely acting as Chin's conduit or wrote this letter at Chin's direction, then it may be introduced as the admission of a party opponent. <u>See</u> Rule 801(d)(2)(C).

- **Exhibit (43)**

For reasons stated for admitting Exhibit (40), this email will also be admitted. As to Mr. Marzian's email, only the first sentence ("I agree with Mr. Ok") will be admitted, and the remainder of Marzian's email should be redacted.

- **Exhibit (44)**

This exhibit is another formal complaint lodged against defendants by several teachers from the school. Plaintiff is not listed as one of the complainants, nor did he sign the letter requesting an investigation into defendants. The complaint alleges various misdeeds allegedly committed by defendants, which is impermissible hearsay. Furthermore, the allegations against defendants constitute character evidence under Rule 404(a), and for these reasons, the exhibit

may not be introduced into evidence.

- **Exhibit (47)**

I am overruling defendants' Rule 402 and 403 objections to this exhibit. It is relevant to demonstrate Chin arguably went out of his way to initiate an investigation into plaintiff and expressed great interest in the investigation's status. It is apparent from the email that Wright, Chin's secretary, wrote this email at his direction and that he adopted the statement. Chin is copied to the email, and Wright states that "Mr. Chin is still unclear as whether this case would be further examined." Plaintiff's theory at trial may be that this is circumstantial evidence of Chin's vindictiveness and demonstrates pretext for retaliation.

- **Exhibit (48)**

SCI Investigator Dorn's written notes from his interview with Chin contains two levels of hearsay. The first level is Chin's statement to Dorn, admissible as an admission of a party opponent. The second level is Dorn's out-of-court statement about what Chin said to him, which is offered for its truth and thus inadmissible. Plaintiff may call Dorn as a witness at trial to repeat what Chin told him, and if Dorn cannot remember, plaintiff may refresh his recollection with this document. See Rule 612.

- **Exhibit (49)**

Plaintiff may not introduce his own emails to investigators, in which he defends himself against accusations of misconduct, because it is inadmissible hearsay. See Beechwood Restorative Care Ctr., 856 F. Supp. 2d at 594.

- **Exhibit (50)**

Plaintiff's email to Chin and Wright, requesting to be added back to the school-wide emails is not hearsay because it is not offered for the truth of the matter asserted. See United

States v. Kuthuru, 665 F. App'x 34, 38 (2d Cir. 2016).  Rather, it is offered to show that, despite plaintiff's request, he was nevertheless excluded from the school-wide emails.  This serves as circumstantial evidence of defendants' state of mind, attempts to hinder plaintiff from "replying to all," and the level of animosity between plaintiff and Chin.

- **Exhibit (51)**

Plaintiff's email to Chin, accusing him of facilitating a hostile work environment, against plaintiff, is admissible to show it was made and its effect on Chin.

- **Exhibit (53)**

Plaintiff seeks to introduce an email he wrote to Chin, copying Chancellor Farina and others superiors, where plaintiff asks why a student who punched another student "out cold" did not receive a harsher punishment.  Plaintiff's statements will not be admitted to prove the truth of the matter asserted, but will be admitted for the limited purpose of demonstrating that plaintiff made an allegation against Chin for "covering up" misconduct at the school, thereby providing Chin a reason to retaliate against him.

- **Exhibit (54)**

I will defer ruling on this exhibit until the pretrial conference.

- **Exhibit (55)**

I will defer ruling on the admissibility of the 45-minute recording from the February 2017 PTA meeting.

- **Exhibit (57)**

Plaintiff seeks to admit a text message conversation he had with the parent of a student. The parent's responses to plaintiff's questions constitute inadmissible hearsay.  This exhibit will not be admitted into evidence.

- **Exhibit (58) and Exhibit (60)**

The signed statements of Ms. Vaccarr, a parent, and Ms. Kay, a teacher, describing the events from the February 2017 meeting is hearsay not falling into any applicable exception.

- **Exhibit (61)**

The email correspondence between plaintiff and other teachers on whether they had received their written observations from defendant is relevant because it shows that plaintiff may have been treated differently by Amaya. Its probative value demonstrating disparate treatment is not outweighed by an unfair prejudice to defendants.

- **Exhibit (62)**

Defendants' hearsay objection to this exhibit is overruled. This disciplinary letter was written by Chin and is a statement of a party opponent. The out-of-court statements were adopted by Chin when he decided to incorporate them into the letter of reprimand.

- **Exhibit (64)**

The March 2017 Newsletter is relevant to show that plaintiff's multiple public statements impacted Chin's state of mind. This it apparent from Chin's words contained in the public newsletter to staff members: "I am aware that the last few days have been a mixture of emotions. Some of these have been perpetrated by individuals who have repeatedly and purposefully created a negative and toxic environment, with the sole intention of creating conflict where none exists." I will therefore admit this exhibit into evidence for that purpose.

- **Exhibit (65)**

I will defer ruling on the New York Post Article from April 2, 2017 until the pretrial conference.

- **Exhibit (67)**

Chin's email to SCI requesting that it investigate plaintiff for "leaking" a story to the New York Post referenced above will be admitted into evidence. Defendants' double hearsay objection is overruled because each level of hearsay is admissible: (1) Chin's statement to SCI is an admission of a party opponent; and (2) other teacher's statements to Chin that plaintiff "leaked" the story to the media is not offered for its truth, but for its effect on the listener. Chin's state of mind and subjective belief that plaintiff was the whistleblower is relevant, as this gave him an additional reason to be biased against plaintiff.

- **Exhibit (69)**

Chin's letter to parents addressing the New York Post article is relevant. Chin explicitly states, "Rest assured that appropriate actions will be taken by the [Department of Education] to address these individuals," indicating that Chin contemplated some type of discipline or adverse action against individuals he suspected of "leaking" the story to the media. The probative value of this letter is not outweighed by any unfair prejudice to defendants. It is a two-page document and will not waste time or confuse the issues.

- **Exhibit (70)**

I will defer ruling on this exhibit until the pretrial conference.

- **Exhibit (72)**

Plaintiff seeks to admit a newspaper article describing how Chin attempted to "censor" and "silence" the school paper from critiquing the teachers' performance. Newspaper articles are inadmissible hearsay under Rule 801(c) when offered for the truth of the matter asserted. See Ladner, 20 F. Supp. 2d at 519. Defendants' hearsay objection is sustained.

- **Exhibit (73)**

I will defer ruling on this exhibit until the pretrial conference.

- **Exhibit (74)**

SCI Investigator Dorn's written notes from his interview with Chin contains two levels of hearsay. The first level is Chin's statement to Dorn, admissible as an admission of a party opponent. The second level is Dorn's out-of-court statement about what Chin said to him, which is offered for its truth and thus inadmissible. Plaintiff may call Dorn as a witness at trial to repeat what Chin told him, and if Dorn cannot remember, plaintiff may refresh his recollection with this document. <u>See</u> Rule 612.

- **Exhibit (77)**

I am granting defendants' objection to preclude plaintiff from admitting a 10-page SCI Report because the report constitutes hearsay and it contains hearsay statements not falling into an exception. <u>See</u> <u>Parsons v. Honeywell, Inc.</u>, 929 F.2d 901, 907 (2d Cir. 1991) (holding that hearsay is "not admissible merely because [it was] contained in a police report"). However, plaintiff may introduce evidence, through other means, that Chin filed a complaint against plaintiff with SCI. If Chin denies filing a complaint against plaintiff during trial, then plaintiff should seek reconsideration of this ruling for the limited purpose of impeaching Chin.

- **Exhibit (79)**

This exhibit, another SCI report, is inadmissible for the same reasons stated above.

- **Exhibit (80)**

Plaintiff seeks to introduce a 9-page statement he wrote to Chancellor Farina on September 17, 2017, but a party generally cannot introduce its own statement under Rule 801(d)(2). <u>See</u> <u>Beechwood Restorative Care Ctr. v. Leeds</u>, 856 F. Supp. 2d 580, 594 (W.D.N.Y.

2012). There is no allegation in the complaint that Chancellor Farina took any retaliatory action against plaintiff or played any role in his termination, so its effect on her is not relevant. Because it is being offered for its truth, I am sustaining defendants' hearsay objection.

- **Exhibit (81)**

Defendants object, under the rule of completeness, to a letter written by Chin to plaintiff reprimanding him for his behavior. At the pretrial conference, defendants should be prepared to articulate what is missing. See Rule 106.

- **Exhibit (82)**

The newsletter from Chin to the teachers stating the school's "low score was mostly due to the fact that the [Department of Education] 2015 survey was embargoed" will be admitted into evidence. It shows that Chin was under pressure to meet certain requirements, indicative of his state of mind, and that he was aware that plaintiff's protected communication to officials about the survey's irregularities resulted in the school receiving a low score. Under Rule 403, the probative value is not outweighed by its unfair prejudice to defendants. It is a 2-page document, so presenting it to the jury will not waste time, and it reveals that Chin had a greater motive to retaliate against plaintiff, whom he suspected of contacting officials about the survey. Because of plaintiff's actions, Chin was under even greater scrutiny by his superiors and became the subject of an official investigation.

- **Exhibit (83)**

Plaintiff seeks to introduce multiple petitions signed by several individuals, adopting the following statements: (1) that plaintiff did not create a hostile work environment and a request to discontinue the administrative proceeding against him; and (2) that they witnessed Chin tell others that plaintiff "masterminded a campaign to discredit him" and "ominously asked the staff,

'where is Mr. Ok now?'"

Whether these individuals subjectively believed plaintiff did not a hostile work environment is not admissible because there is no indication they had the requisite personal knowledge and qualifications to make this determination. More importantly, a signed petition indicates agreement with the written statement contained within the document – inadmissible hearsay. See Parker v. Freightliner Corp., 940 F.2d 1019, 1027 n.8 (7th Cir. 1991).

As to the petition describing what Chin allegedly said at a meeting, the document contains double hearsay. The first level is admissible as an admission of a party opponent. However, I will not allow the document that contains a summary of Chin's statements to be admitted into evidence because there is no applicable exception to the second level of hearsay (i.e., individuals affirming they heard Chin make the comment). If a witness who previously signed the petition denies hearing the statement, then the petition may be used to refresh their recollection or may be introduced as extrinsic evidence to impeach their trial testimony under Rule 613.

- **Exhibit (84)**

Records pertaining to plaintiff's termination hearing and the specifications filed against him will be admitted into evidence. The documents are not hearsay because they are not offered for the truth of the matter asserted (plaintiff obviously does not agree that the allegations against him are true). Rather, they are being introduced to show that Chin initiated formal administrative charges against plaintiff after he had made several protected communications against Chin. Because Chin approved and signed the documents, he adopted the statements, and as a result, defendants' hearsay objection is overruled.

- **Exhibit (85)**

The email from Chancellor Farina will be admitted into evidence because it constitutes the admission of a party opponent, and it is also relevant under Rule 401. Many of plaintiff's complaints against defendant pertain to allegations that Chin was violating Chancellor Farnia's direction that "[a]lthough a supervisor may suggest elements to include in a lesson, lesson plans are by and for the use of the teacher."

- **Exhibit (86)**

Plaintiff seeks to admit the favorable written opinion and award of the administrative hearing officer ("AHO") who adjudicated the administrative charges against him. However, the hearing officer's written opinion is inadmissible hearsay. See U.S. Steel, LLC, v. Tieco, Inc., 261 F.3d 1275, 1287 (11th Cir. 2001) (holding a state judicial opinion inadmissible hearsay and unfairly prejudicial). Defendants' hearsay objection is sustained. It is also unduly prejudicial, as it is the jury's responsibility, not the AHO, to determine the facts in this case.

- **Exhibit (87)**

I will defer ruling on the vacancy postings seeking to fill multiple teaching positions at plaintiff's former high school until the pretrial conference.

- **Exhibit (88)**

The 2-minute recording of a conversation between plaintiff and Amaya will be admitted into evidence. It is not hearsay because it contains the admissions of a party-opponent, and plaintiff's statements provide essential context to complete the conversation. It is relevant because it arguably shows that plaintiff was treated differently than the rest of the teachers in his department after speaking against certain practices.

- **Exhibit (89)**

I will defer ruling on this exhibit, a 27-minute recording of a conversation among plaintiff and defendants, until the pretrial conference.

- **Exhibit (90)**

The 20-minute recording of plaintiff's interview with SCI is not admissible because it is hearsay.  See <u>Beechwood Restorative Care Ctr.</u>, 856 F. Supp. 2d at 594.

- **Exhibit (91)**

The recording of Chin allegedly telling staff members to be conscious of how they answer the annual survey is relevant because plaintiff subsequently filed a formal complaint with authorities, alleging Chin violated school policy by attempting to influence the teachers' responses to the survey.  However, there is no need for the entire 12-minute audio file to be admitted into evidence.  The parties should come to a stipulation on what portions are relevant in light of the Court's ruling on this issue, and only the necessary excerpts shall be introduced into evidence.  If the parties cannot come to an agreement, then the issue should be brought to the Court's attention well before trial so an appropriate ruling and redactions may be made.

## II.     Plaintiff's objections to defendants' exhibits

- **Exhibit (C)**

This exhibit is an email from Wright, requesting that plaintiff take her off his "distribution list" because his emails "make it difficult for [her] to send out and receive pertinent emails related to [her job]."  The first sentence of her email is admissible because it is a request, which is generally not hearsay because it is not offered for the truth of the matter asserted.  <u>See</u> <u>United States v. Kuthuru</u>, 665 F. App'x 34, 38 (2d Cir. 2016).

Wright's email is also admitted for the non-hearsay purpose of showing its effect on the listener. First, it shows that plaintiff, despite his colleagues' pleas that his emails were detrimentally impacting their work environment and performance, did not honor their requests. Second, it's offered to show its effect on defendants, plaintiff's supervisors, who upon reviewing the responses of other staff members, realized that they needed to take some type of corrective action. See Barrett v. Orange County Human Rights Comm'n, 194 F.3d 341, 348 (2d Cir. 1999) (no error in the admission of testimony by commissioners that they had been told by others about plaintiff's arrogant, difficult, and obstructionist conduct and statements because this evidence was not admitted to show that the third parties' statements were true, but rather that the commissioners were motivated by plaintiff's behavior and not his comments on political sensitive issues).

- **Exhibit (D)**

Likewise, I am overruling plaintiff's objection to Exhibit (D), an email from Mr. Tobia to plaintiff, similarly requesting that plaintiff refrain from directly emailing him. The substance of Tobia's email dated November 30, 2016 should be redacted, with the exception of two phrases: (1) "Moving forward please also respect my right to not receive these emails; and (2) "In future please do not include me in your mass mailings." The date, time, Tobia's salutation, and his full name should not be redacted.

As to Tobia's email dated December 20, 2016, I will permit the entire email to be admitted into evidence, along with plaintiff's response on the same date. Defendants claim that one of the reasons they sought to discipline plaintiff was because he made his colleagues uncomfortable and was unnecessarily confrontational. This email corroborates that argument. Tobia, upon receiving yet another email from plaintiff publicly criticizing Chin, politely requests

that plaintiff remove him from this distribution list. Tobia even explains to plaintiff that his emails are "making working [at the school] uncomfortable" and physically making Tobia sick. He pleads with plaintiff to cease emailing him, to which plaintiff curtly responds, "If you want to talk to the office of Internet usage about the proper usage of [Department of Education] email, feel free. If you want me to get you the number, I can get that for you too."

Plaintiff's response is admissible as an admission of a party opponent when offered by defendants, and Tobia's email will be admitted the non-hearsay purpose of providing essential context to plaintiff's admissions and demonstrating its effect on the listener (or lack thereof). See George v. Celotex Corp., 914 F.2d 26, 30 (2d Cir. 1990). It is offered to show the lack of impact on plaintiff, arguably demonstrating his discourteous, contentious, and unprofessional behavior. Thus, it puts into context the subsequent conduct of defendants, who were now on notice that another teacher, in addition to Wright, was complaining about plaintiff's behavior and thus were forced to take corrective actions. See Barrett, 194 F.3d at 348.

- **Exhibit (E)**

This exhibit is another email exchange between plaintiff and Tobia, with no other participants. Tobia requests that plaintiff no longer email him, stating plaintiff's "negativity is detrimental to the well-being of both our co-workers and our students." Plaintiff's response to Tobia's direct email is unapologetic. Plaintiff instructs Tobia to "[s]imply delete" the emails in the future. Plaintiff's statement is admissible as the admission of a party opponent, and Tobia's initial email will be offered for the non-hearsay purpose of effect on the listener and to put into context plaintiff's response. The exhibit is relevant because the complaints of other teachers, including Tobia, arguably forms defendants' non-retaliatory, legitimate purpose for pursuing adverse action against plaintiff.

- **Exhibit (G)**

This exhibit is a 6-page print out of an email chain primarily between plaintiff and Wright. It depicts Wright attempting to persuade plaintiff to stop "replying [to] all" with "negative" statements. Plaintiff predictably responds that he is entitled to his opinions and recommends that Wright "trash" his emails if she finds them so "negative." Plaintiff's response is admissible as an admission of a party opponent, and Wright's initial email will be admitted for the non-hearsay purpose of providing context to plaintiff's admissions. The Assistant Principal's subsequent email, forwarding the conversation to Investigator Dorn should be redacted. Her statement that plaintiff "continues to publicly chastise anyone who requests to be removed [from the email]" is hearsay and also inadmissible under Rule 403.

- **Exhibit (I)**

Exhibit (I) provides the remainder of the email chain included in Exhibit (G). The emails are either from, or directed towards, plaintiff. For the same reasons as stated above, this exhibit will be admitted into evidence.

- **Exhibit (J)**

I will admit this entire email for the reasons stated for admitting Exhibits (C) and (D).

- **Exhibit (L)**

An email from Wright to school authorities pleading with them to pursue action against plaintiff for his "harassing emails" will be admitted into evidence. Wright describes plaintiff as a "ticking timebomb who needs a psychological evaluation before he goes off." Chin is copied to this email. I will admit this exhibit, not for the truth of the matter asserted, but for the limited purpose to show that the decision-makers who pursued adverse employment action against plaintiff legitimately believed that they needed to take prompt corrective measures due to

plaintiff's "alarming" behavior, not due to a desire to retaliate against him for his protected communications. See Barrett, 194 F.3d at 348; see also Vahos v. Gen. Motors Corp., No. 06-cv-6783, 2008 WL 2439643, at *10-11 (E.D.N.Y. 2008) (holding that investigative report was admissible for the "non-hearsay" purpose of proving that the decision-makers who discharged plaintiff believed he acted improperly).

- **Exhibit (M)**

Exhibit (M) is a 13-page investigatory report completed by the SCI pertaining to plaintiff. It contains allegations of misuse of an official email account and hearsay statements concerning plaintiff's harassment of his co-workers. SCI recommends that "strong disciplinary action be taken against" plaintiff (including up to dismissal from employment). This exhibit will be admitted to show that Chin had legitimate, non-retaliatory reasons for pursuing adverse action against plaintiff, unrelated to plaintiff's First Amendment speech. See Barrett, 194 F.3d at 348.

However, there are certain portions of this report that should be redacted under Rule 403. The entire fourth paragraph on page D_0044 describing how plaintiff displayed a disrespectful, aggressive, and combative demeanor towards Chin should be redacted.

Furthermore, the following statement from paragraph (1) of page D_0210 should also be redacted:

(1) "[Plaintiff's] claim that his Reply All messages were pedagogical or related to the educational topic of the original message is disingenuous. He used them to air personal grievances regarding [Department of Education] policies, administrators, and his own personnel matters"; and

(2) "Prohibiting him from using the Reply All function does not deprive him of his ability to address such matters, or abridge his freedom of speech."

- **Exhibit (N)**

Defendants seek to admit a letter written by Chin, in which he explains to plaintiff the findings of the SCI investigation, repeats hearsay statements, and warns plaintiff to refrain from "replying to all" in future emails.  Plaintiff objects, stating the entire document is hearsay.  This is being offered to show Chin's state of mind.  Defendants' theory is that Chin did not pursue adverse action against plaintiff due to retaliation, but because Chin had received a report from SCI containing serious allegations against plaintiff that needed to be appropriately addressed. The exhibit will be admitted into evidence, but the redactions ordered in Exhibit (M) also apply to Exhibit (N).

III.    **Conclusion**

By separate Order, the Court will set this matter down for final pretrial conference and trial.

**SO ORDERED.**


_____
                                                          U.S.D.J.


Dated:  Brooklyn, New York
           February 20, 2020