No.: 18-CV-392 (BMC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SEUNG-YONG OK,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION; TYEE CHIN, FORMER PRINCIPAL OF FLUSHING HIGH SCHOOL, IN HIS OFFICIAL AND INDIVIDIUAL CAPACITY; and LUIS AGUIRRE AMAYA, ASSISTANT PRINCIPAL OF FLUSHING HIGH SCHOOL, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION IN LIMINE**

**JAMES E. JOHNSON**

*Corporation Counsel of the City of New York*

*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel:  Lora Minicucci*
*Tel: (212) 356-2078*
*Matter No. 2018-005857*

**Motion served via ECF on March 25, 2020**

# TABLE OF CONTENTS

                                                                                          **Page**

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ................................................................................................. 2

ARGUMENT ...................................................................................................................... 2

       POINT I

       PLAINTIFF IS PRECLUDED FROM ARGUING THAT HIS
       PROSECUTION UNDER § 3020-A WAS RETALIATORY ................................ 2

       A.  PLAINTIFF FULLY LITIGATED THIS ISSUE AT HIS
           § 3020-A HEARING ................................................................................ 3

       B.  TO THE EXTENT PLAINTIFF CLAIMS HE DID NOT FULLY
           LITIGATE THIS ISSUE AT THE § 3020-A HEARING, HE HAD
           THE OPPORTUNITY TO DO SO AND FAILED TO AVAIL
           HIMSELF OF IT ........................................................................................ 6

       C.  PLAINTIFF SHOULD BE PRECLUDED FROM ADVANCING A
           THEORY WHICH QUESTIONS HOW THE SCI INVESTIGATION
           WAS CONDUCTED .................................................................................. 7

       D.  INVESTIGATORS WHO INVESTIGATED PLAINTIFFS
           COMPLAINTS AGAINST PRINCIPAL CHIN SHOULD BE
           PRECLUDED AS IRRELEVANT ............................................................ 9

CONCLUSION ................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

Burkybile v. Board of Education of the Hastings-on-Hudson Union Free School District, 411
 F.3d 306, 311-2 (2d Cir. 2005) ................................................................................................ 3

DeCintio v. Westchester County Med. Ctr., 821 F.2d 111 (2d Cir. 1987) .................................... 7

Fischer v. NYC Department of Education, 666 F.Supp.2d 309, 320 (E.D.N.Y. 2009) ................. 5

Harkabi v. SanDisk Corp., 2012 U.S. Dist. LEXIS 32833, *17–23 (S.D.N.Y. 2012) ................... 9

Lawlor v. National Screen Service Corp., 349 U.S. 322 (1955) .................................................... 3

LNC Invs., v. First Fid. Bank, 2000 U.S. Dist. LEXIS 10936 (S.D.N.Y. 2000) ........................... 9

Locurto v. Giuliani, 447 F.3d 159, 170-1 (2d Cir. N.Y. 2006) ....................................................... 3

Mazur v. New York City Dep't of Educ., 621 Fed. Appx. 88 (2d Cir. 2015) ................................. 7

Page v. Liberty Central School District, 679 F.Supp.2d 448, 452 (S.D.N.Y. 2010). .................... 3

Roemer v. Board of Education of City of New York, 150 Fed. Appx. 38, 39-40 (2d Cir. Sept. 23,
 2005) ........................................................................................................................................ 6

Shore v. Parklane Hosiery Co., 565 F.2d 815 ................................................................................ 3

Washington v. New York City Dep't of Educ., 740 Fed. Appx. 730 (2d Cir. 2018) ...................... 7

**Statutes**

Education Law § 3020-a ............................................................................................................ 2, 8

New York Education Law § 3020-a ............................................................................................... 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SEUNG-YONG OK,

                                        Plaintiff,

                -against-

NEW YORK CITY DEPARTMENT OF EDUCATION; TYEE CHIN, FORMER PRINCIPAL OF FLUSHING HIGH SCHOOL, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; and LUIS AGUIRRE AMAYA, ASSISTANT PRINCIPAL OF FLUSHING HIGH SCHOOL, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY,

                                        Defendants.

118-CV-392 (BMC)

------------------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION IN LIMINE**

**PRELIMINARY STATEMENT**

Defendants, the Board of Education of the City School District for the City of New York, operating as the New York City Department of Education ("DOE"), Tyee Chin, and Luis Aguirre Amaya (together, "Defendants"), respectfully submit this Memorandum of Law in support of their motion for which seeks to limit plaintiff Seung-Yong Ok ("Plaintiff") from relitigating the findings made in the 3020-a proceeding against him which substantiated a number of specifications Defendants' motion *in limine* should be granted because the undisputed material facts demonstrate that Plaintiff, a tenured DOE teacher, was investigated, removed, and, after an administrative hearing, was disciplined for sending inappropriate emails to the staff at his school, and for continuing to do so despite repeated requests from various staff members to desist. The

DOE rationally removed Plaintiff from the school pending the outcome of a hearing pursuant to New York Education Law § 3020-a ("§ 3020-a") by the New York State Education Department Unit of School District Employer-Employee Relations. Plaintiff was charged with four specifications allegations of misconduct, insubordination, harassment, and creation of a hostile work environment. All specifications involved a serious lack of professionalism and poor judgment, and Plaintiff remained in a paid, non-school position during the pendency of the disciplinary proceedings. Two of the specifications were substantiated, and Plaintiff was ordered to pay a $500 fine and to attend five hours of professionalism courses. Accordingly, Plaintiff should be precluded from claiming at trial that the disciplinary proceedings brought against him pursuant to § 3020-a were retaliatory, because these issues were already litigated as part of the disciplinary hearing, Plaintiff's retaliation defense was argued and rejected, and ultimately two specifications against Plaintiff were substantiated. Furthermore, to the extent Plaintiff now wishes to present evidence about *how* SCI conducted its investigation either into the allegations against Plaintiff or into any allegations made by Plaintiff *against* Defendant Chin, Defendants assert that such evidence is wholly irrelevant and would certainly confuse the issues and unduly prejudice the Defendants. See FRE 401 and 403.

## STATEMENT OF FACTS

The Court is respectfully referred to Defendants' Statement of Undisputed Facts under Local Civil Rule 56.1, dated March 2, 2020, for a statement of pertinent and material facts.

# ARGUMENT

## POINT I

### PLAINTIFF IS PRECLUDED FROM ARGUING THAT HIS PROSECUTION UNDER § 3020-a WAS RETALIATORY

Collateral estoppel precludes the relitigating issues decided in a prior suit, even if that first suit was based on a different cause of action. Lawlor v. National Screen Service Corp., 349 U.S. 322 (1955). This doctrine also applies when a party has had a full and fair opportunity to litigate issues of fact in a nonjury trial; that party is collaterally estopped from relitigating them in a subsequent jury trial. Shore v. Parklane Hosiery Co., 565 F.2d 815, (2d Cir. 1977).

The Second Circuit also held that § 3020-a hearings are administrative adjudications that must be given preclusive effect. See Burkybile v. Board of Education of the Hastings-on-Hudson Union Free School District, 411 F.3d 306, 311-2 (2d Cir. 2005); see also Page v. Liberty Central School District, 679 F.Supp.2d 448, 452 (S.D.N.Y. 2010); Locurto v. Giuliani, 447 F.3d 159, 170-1 (2d Cir. N.Y. 2006) ("[F]or collateral estoppel to give preclusive effect to administrative agency findings, 'the issue sought to be precluded [must be] identical to a material issue necessarily decided by the administrative agency in a prior proceeding.'").

### A. PLAINTIFF FULLY LITIGATED THIS ISSUE AT HIS § 3020-A HEARING

Pursuant to § 3020-a, Hearing Officer Donald T. Kinsella ("Officer Kinsella") adjudicated the multiple disciplinary charges against Plaintiff following a pre-hearing conference held on April 19, 2018 and five days of substantive hearings over a five-week period. Exhibit C. Plaintiff, represented by counsel at his hearing, was afforded a full and fair opportunity to conduct direct and cross examination of witnesses and to present evidence and arguments. Of note, at that hearing Plaintiff presented the defense that all of the specifications being litigated therein were retaliatory and should be unfounded. That defense was not successful and Officer

Kinsella found that the charges were not frivolous, and that Plaintiff exercising his First Amendment rights does not permit him to disrupt meetings or administrators orderly discussions. Exhibit C at 25 and 29. Thus, Plaintiff received an adequate, full and fair opportunity to litigate the substance of his disciplinary charges.

Plaintiff has already claimed that the 3020-a disciplinary charges were retaliation by Principal Chin for plaintiff's alleged whistleblowing activities and as such attempted to compel the production of Special Commissioner of Investigations (SCI) against Mr. Chin. Exhibit ZZ at 153. However, Officer Kinsella, after hearing argument, rejected such argument, and instead determined that Mr. Chin's disciplinary history was irrelevant because Mr. Chin was not the complainant in that case against Plaintiff. Exhibit ZZ at 154. Mr. Chin was not called by the DOE to testify at the hearing, and Plaintiff did not subpoena him, despite having a full and fair opportunity to do so. Exhibit ZZ. However, several teachers and staff from Flushing High School testified concerning their perception of the relationship and interactions between Mr. Chin and Mr. Ok. Exhibit ZZ at 54, 73, 110, 135, 153, 218, 241, 265, 304, 313, 334, 433, 474, and 519. Accordingly, Plaintiff's retaliation defense was thoroughly litigated at the § 3020-a hearing and thus Plaintiff is collaterally estopped from re-litigating this issue at trial.

Furthermore, Plaintiff also argued at his § 3020-a hearing that he faced retaliation for exercising his right to free speech (purportedly the speech consisting of sending multiple "Reply All" emails to school staff as well as alleged complaints to investigative departments of the DOE). Exhibit C at 21. In response, DOE asserted that Plaintiff used his department email to inappropriately share his thoughts and ideas on the entire school staff in an unprofessional manner, and that he had been warned multiple times to stop. Id. at 22. Officer Kinsella rejected Plaintiff's argument, finding that even if one is exercising their First Amendment rights, or being

4

a whistleblower, it does not permit them to be disruptive. Id. at 25. Officer Kinsella found that it was clear that Plaintiff knew some of his colleagues did not want to receive such emails, and Plaintiff continued to email them. Id. at 26. Officer Kinsella notably determined that the charges brought by the DOE were not frivolous, and that they "raised genuine issues about employee email use." Id. at 29.

At the conclusion of Plaintiff's § 3020-a hearing, Officer Kinsella found Plaintiff guilty of conduct unbecoming the profession regarding Specifications 2a and 3, and ordered that Plaintiff pay a $500 fine and attend 5 hours of professional counseling on workplace ethics and civility. Exhibit C at 32. Most importantly for this action, Officer Kinsella found that DOE met its burden as to the specifications that constituted just cause for disciplinary action. Exhibit C at 5. Officer Kinsella made the following additional relevant factual determinations: (i) on December 1, 2016 Plaintiff sent an email personally attacking his colleagues, and (ii) Plaintiff repeatedly refused to remove staff from his "Reply All" emails when asked. These facts established at the § 3020-a hearing must be accorded preclusive effect in this action. See Fischer v. NYC Department of Education, 666 F.Supp.2d 309 (E.D.N.Y. 2009) (finding that although the § 3020-a decision did not preclude the plaintiff's retaliation claim as such, the plaintiff could not dispute the content of the substantiated charges nor that they justified disciplinary action). Moreover, Officer Kinsella's findings that: (i) the proceeding was not frivolous; (ii) substantiating Specifications 2a and 3 brought against Plaintiff; and (iii) determining that a fine of $500 was an appropriate penalty rebutted Plaintiff's claim that the charges and the subsequent penalty were imposed for a retaliatory purpose. Exhibit C at 5. Accordingly, Plaintiff should be collaterally estopped from relitigating this argument.

### B. TO THE EXTENT PLAINTIFF CLAIMS HE DID NOT FULLY LITIGATE THIS ISSUE AT THE § 3020-A HEARING, HE HAD THE OPPORTUNITY TO DO SO AND FAILED TO AVAIL HIMSELF OF IT

Even if Plaintiff attempts to argue that he was not able to fully litigate purported "retaliation" defenses during his § 3020-a hearing, he would still be precluded from now arguing that such proceedings were retaliatory. Plaintiff was afforded the full opportunity to present the defense that DOE's charges were retaliatory. Plaintiff, represented by counsel at the time of the hearing, was given adequate time to prepare and an adequate opportunity to present his case at the hearing – and has never claimed otherwise. See Roemer v. Board of Education of City of New York, 150 Fed. Appx. 38, 39-40 (2d Cir. Sept. 23, 2005) (affirming the dismissal of the plaintiff's First Amendment retaliation claim as a matter of law since the finding at the § 3020-a hearing that the plaintiff had been terminated for cause rebutted any claim that the plaintiff's discharge was executed in retaliation for the exercise of any First Amendment right); c.f., DeCintio v. Westchester County Med. Ctr., 821 F.2d 111 (2d Cir. 1987) (precluding § 1981 and § 1983 claims based on State Division's finding that plaintiff was not terminated in retaliation for protected activity, but instead for misconduct). Furthermore, unfavorable evidentiary decisions for Plaintiff do not make the § 3020-a hearing incomplete. Washington v. New York City Dep't of Educ., 740 Fed. Appx. 730 (2d Cir. 2018); See also Mazur v. New York City Dep't of Educ., 621 Fed. Appx. 88 (2d Cir. 2015).

Accordingly, Plaintiff is estopped from arguing that the initiation of the § 3020-a hearing was retaliatory, or in violation of his First Amendment rights, and by the factual findings of that hearing. Based upon controlling case law, Plaintiff is also collaterally estopped from claiming that he was not given an opportunity to "fully litigate" the retaliation claims, or that the

consequences of the hearing, namely, his removal from the school and his inability to re-apply for his position during the pendency of the action were retaliation for his speech in violation of the First Amendment. Thus, with respect to Plaintiff's First Amendment retaliation claim, the only possible remaining purported retaliation actions are: four (4) letters to file; four (4) negative evaluations; his removal from school-wide emails[1]; and being told by another assistant principal to "sit down, and shut up" when Plaintiff attempted to ask a question during a staff meeting.

### C. PLAINTIFF SHOULD BE PRECLUDED FROM ADVANCING A THEORY WHICH QUESTIONS HOW THE SCI INVESTIGATION WAS CONDUCTED

Plaintiff also lists an SCI investigator he wishes to call at trial. Michael Dorn investigated the allegations against Plaintiff.[2] To the extent that Plaintiff wishes to call him to attack SCI's actions, or inactions, Defendants assert that such evidence would be inadmissible because it would be irrelevant, confusing, would waste the time of the jury and to the extent there is *any* probative value, it would be significantly outweighed by the risk of prejudice to the Defendants. FRE 401 and 403.

As background, SCI operates independently from the Board of Education, and, in fact, has broad authority to investigate fraud, misconduct, conflicts of interest, and other wrongdoing within the New York City School District; all of which requires autonomy from the DOE. See generally, http://www.nycsci.org. (last accessed March 24, 2020). Therefore, any testimony elicited from SCI investigators involved would be either hearsay or completely irrelevant to Plaintiff's allegations of First Amendment retaliation. The inner workings of the SCI investigations concerning complaints brought either by or against Plaintiff are not at issue in this

---

[1] Although, the principal's secretary testified at Plaintiff's § 3020-a hearing that she would still send him an email carbon copy, blind carbon copy, or forward the email with the recipient's names removed.

[2] This investigation resulted in a finding by SCI which formed the basis of the 3020-a charges and specifications.

7

case. Instead, the evidence put before the Jury should be based on whether the named defendants retaliated against Plaintiff because of his "protected" speech. Thus, the crucial issue is whether complaints were made and the motivation of those complainants; not what SCI may have done with those complaints. It should also be noted that it was SCI investigators who recommended Plaintiff's termination in their report. See Exhibit HH at 13. In addition, SCI presented their findings to Hearing Officer Kinsella, who evaluated them and agreed that Plaintiff should be disciplined. Exhibit C.

Furthermore, any allegation now by Plaintiff that SCI was somehow complicit in a scheme to retaliate against him should be precluded outright because such an allegation was never contained in the Complaint. See Docket Entry No. 1. Plaintiff has never asserted a pattern or practice at SCI of unconstitutional conduct and may not do so now. Plaintiff's failure to plead or even seek discovery on such a theory should preclude him from advancing it before a jury. See generally, LNC Invs., v. First Fid. Bank, 2000 U.S. Dist. LEXIS 10936 (S.D.N.Y. 2000) (holding that plaintiff's failure to assert a specific theory, either in the pleadings or during discovery, warranted preclusion at trial). See also, Harkabi v. SanDisk Corp., 2012 U.S. Dist. LEXIS 32833, *17–23 (S.D.N.Y. 2012) (granting SanDisk's motion to exclude evidence of a theory that was never pled or disclosed during discovery). Plaintiff had the opportunity to take depositions and conduct discovery during the pendency of this action, and failed to illicit such a theory. In short, Plaintiff's attempt at devising a novel theory of the case on the eve of trial would amount to inappropriate ambush.

Should Plaintiff be permitted to attack the actions of SCI, a non-party, the actual defendants would be unduly prejudiced. Furthermore, this would undoubtedly confuse the Jury about what issues are actually before them for consideration. Defendants assert that for all of

the aforementioned reasons, Plaintiff should be precluded from calling any SCI investigators and attacking them on the basis of how they conducted their investigation.

### D. INVESTIGATORS WHO INVESTIGATED PLAINTIFFS COMPLAINTS AGAINST PRINCIPAL CHIN SHOULD BE PRECLUDED AS IRRELEVANT

In addition to the SCI investigator listed above, Plaintiff has also identified as trial witnesses a investigators from OSI that investigated Plaintiff's complaints *against* defendant Chin. This evidence should be precluded because, as stated above, how an investigator may have handled Plaintiff's complaints is irrelevant to this action. Any failure to investigate plaintiff's complaints against Chin cannot be part of a retaliation claim against the named Defendants as they are not related to any consequences of Plaintiff's alleged protected activities. Should Plaintiff present facts about the legitimacy of the complaints he made to OSI about Defendant Chin, this would surely devolve into a trial within a trial because Defendants would be forced to defend against those allegations.

Pursuant to Fed. R. Evid. 403, matters that will confuse, mislead, unduly delay, or waste time, should be excluded. There is little, if any, probative value to be obtained by questioning OSI witnesses about the internal machinations of their agency. Permitting evidence regarding OSI's investigatory procedures would only serve to further confuse the jury in what is already a complicated fact pattern. Thus, for all of the reasons set forth above, Plaintiff should be precluded from calling OSI witnesses to testify at trial and furthermore, should be precluded from asserting that any individuals at OSI have engaged in retaliatory conduct.

### CONCLUSION

For the reasons stated above, Defendants request an Order (1) precluding Plaintiff from claiming that the disciplinary proceedings brought against him pursuant to § 3020-a were retaliatory, because these issues were already rejected at the disciplinary hearing, where two

9

specifications were substantiated, and Plaintiff was alternatively given an opportunity to raise such a defense and failed to adequately do so, and (2) precluding Plaintiff from presenting evidence regarding how SCI and OSI conducted their investigations either into the complaints made against or by the Plaintiff. Defendants respectfully further request any additional relief that the Court deems just and proper.

Dated: New York, New York
March 25, 2020

                                              JAMES E. JOHNSON
Corporation Counsel of the
 City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
(646) 285-3994
By:
                              /s/
Lora Minicucci
Assistant Corporation Counsel