18-CV-0392 (BMC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SEUNG-YONG OK,

                                                                           Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION; TYEE CHIN, FORMER PRINCIPAL OF FLUSHING HIGH SCHOOL, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, LUIS AGUIRRE AMAYA, ASSISTANT PRINCIPAL OF FLUSHING HIGH SCHOOL, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY,

                                                                           Defendants.

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE

---

### GLASS HARLOW & HOGROGIAN LLP

Attorneys for Plaintiff Seung-Yong Ok
85 Broad Street, 18th Floor @ Wework
New York, NY 10004

Jordan F. Harlow, Esq.
Tel: 212-537-6859
jharlow@ghnylaw.com

Served April 8, 2020

# Table of Contents

TABLE OF AUTHORITIES ................................................................................................ II

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT ......................................................................................................................... 5

    POINT I ...................................................................................................................... 5

        PLAINTIFF IS NOT PRECLUDED FROM ARGUING THAT HIS
        PROSECUTION UNDER § 3020-A WAS RETALIATORY ................... 5

            A. PLAINTIFF DID NOT FULLY LITIGATE THIS ISSUE
            AT HIS § 3020-A HEARING ............................................................... 6

            B. PLAINTIFF DID NOT HAVE AN OPPORTUNITY TO
            FULLY LITIGATE THE ISSUE AT THE § 3020-A HEARING
            ............................................................................................................... 9

            C. IN THE EVENT THIS COURT FINDS THAT
            PLAINTIFF'S 3020-A AWARD HAS A PRECLUSIVE
            EFFECT, OFFICER KINSELLA MADE ADDITIONALY,
            RELEVANT FINDINGS OF FACT ..................................................... 10

    POINT II ................................................................................................................... 12

        PLAINTIFF SHOULD NOT BE DEPRIVED FROM CALLING
        MATERIAL WITNESSES AT TRIAL ................................................. 12

CONCLUSION .................................................................................................................... 12

# TABLE OF AUTHORITIES

*Cases*

Ali v. Mukasey,
   529 F.3d 478 (2d Cir. 2008)..................................................................................................6

Bear, Stearns & Co., Inc., et al. v. 1109580 Ontario, Inc.,
   409 F.3d 87 (2d Cir. 2005)....................................................................................................6

Broich v. Inc. Vill of Southampton,
   462 F. App'x 39 (2d Cir. 2012) .............................................................................................9

Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.,
   411 F.3d 306 (2d Cir. 2005)..................................................................................................6

Charter Oak Fire Insurance Co. v. Electrolux Home Products, Inc.,
   882 F.Supp.2d 396 (E.D.N.Y. 2012) ..................................................................................10

De Cintio v. Westchester Cty. Med. Ctr.,
   821 F.2d 111 (2d Cir. 1987)..................................................................................................9

Gilbert v. Homar,
   520 U.S. 924 (1997)..............................................................................................................8

Giove v. City of N.Y., No. 15-CV-02998 (PKC) (VMS), 2018 U.S. Dist. LEXIS 18909, at *3-4
   (E.D.N.Y. Feb. 5, 2018)........................................................................................................6

Interoceanica Corp. v. Sound Pilots, Inc.,
   107 F.3d 86 (2d Cir. 1997)....................................................................................................6

Keitt v. NYS Dep't of Corr.,
   No. 11-CV-00855(A)(M), 2015 U.S. Dist. LEXIS 65464, at *16-17 (W.D.N.Y. Jan. 6, 2015)
   ............................................................................................................................................10

Leon v. N.Y. City Dep't of Educ.,
   612 Fed. Appx. 632 (2d Cir. 2015).......................................................................................6

Matusick v. Erie Cty. Water Auth.,
   739 F.3d 51 (2d Cir. 2014)....................................................................................................9

Morey v. Somers Cent. Sch. Dist.,
   No. 06cv1877, 2007 U.S. Dist. LEXIS 20265, at *5 (S.D.N.Y. Mar. 21, 2007).................7

PenneCom B.V. v. Merrill Lynch & Co., Inc.,
   372 F.3d 488 (2d Cir. 2004)................................................................................................10

Roemer v. Bd. of Educ. of City of New York,
 150 F. App'x 38 (2d. Cir. 2005) ............................................................................................ 9

Senno v. Elmsford Union Free Sch. Dist.,
 812 F. Supp. 2d 454 (S.D.N.Y. 2011) .................................................................................... 7

United States v. Alcan Aluminum Corp.,
 990 F.2d 711(2d Cir. 1993) .................................................................................................... 6

Washington v. N.Y.C. Dep't of Educ.,
 2017 U.S. Dist. LEXIS 171456, at *8-9 (S.D.N.Y. Oct. 16, 2017) ........................................ 7

***Statutes***

New York Education Law § 3020-a ............................................................................................. 8

NY CPLR § 8303-A ..................................................................................................................... 8

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
SEUNG-YONG OK,

                                Plaintiff,

                -against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
TYEE CHIN, FORMER PRINCIPAL OF FLUSHING HIGH
SCHOOL, IN HIS OFFICIAL AND INDIVIDUAL
CAPACITY, LUIS AGUIRRE AMAYA, ASSISTANT
PRINCIPAL OF FLUSHING HIGH SCHOOL, IN HIS
OFFICIAL AND INDIVIDUAL CAPACITY,

                                Defendants.
------------------------------------------------------------------------ X
```

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE**

18 Civ. 0392 (BMC)

This Memorandum of Law is submitted on behalf of Plaintiff Seung-Yong Ok in Opposition to Defendants' Motion *in limine*.

## PRELIMINARY STATEMENT

Defendants, the New York City Department of Education ("DOE"), Tyee Chin ("Chin"), and Luis Aguirre ("Aguirre"), filed a motion *in limine* seeking to limit Plaintiff Seung-Yong Ok ("Plaintiff") from relitigating certain issues that Defendants claim were found against him in an Opinion and Award ("Award") issued by Hearing Officer Donald T. Kinsella ("Officer Kinsella") pursuant to a New York State Education Law § 3020-a disciplinary proceeding ("§ 3020-a proceeding"). Specifically, Defendants contend that Plaintiff should be precluded from claiming at trial that the § 3020-a proceeding brought against him was retaliatory, because these issues were already litigated as part of the disciplinary hearing.

1

Defendants' motion should be denied because Plaintiff did not fully litigate this issue at his § 3020-a proceeding. In the Award, Officer Kinsella made no finding as to whether Defendants retaliated against Plaintiff for exercising his First Amendment rights.

Nor did Plaintiff receive a full and fair opportunity to litigate his contention that the § 3020-a proceeding was brought in retaliation for his First Amendment protected speech. Plaintiff was denied vital documental discovery in order to litigate this issue and forbidden from conducting depositions as part of the discovery process.

Finally, to the extent this Court holds that there were findings of fact made by Officer Kinsella in the § 3020-a proceeding that have a preclusive effect, Defendants should be precluded from claiming at trial anything to the contrary.

## STATEMENT OF FACTS[1][2]

Plaintiff Seung-Yong Ok is a tenured teacher employed by Defendant DOE. See Plaintiff's Assignment History, Ex. A. Plaintiff was assigned to teach sciences at Flushing High School ("FHS") at the beginning of the 2010-11 school year. Id. Plaintiff alleges that throughout the course of the 2015-16 and 2016-17 school year, he was subjected to retaliatory acts by Defendants in response to various acts of First Amendment protected speech. See Complaint, Docket Entry No. 1. Following the receipt of disciplinary letters to file during these school years, on October 10, 2017, Plaintiff received notice that § 3020-a disciplinary charges had been filed against him. See § 3020-a Notice and Charges, Ex. XX.

---

[1] Plaintiff has limited his statement of facts to those relevant Defendant's motion *in limine*. Plaintiff reserves the right to put forth additional statements of facts at trial.
[2] For Plaintiff's limited statement of facts, all references to "Exhibit" or "Ex." are to the exhibits annexed to the Declaration of Lora Minicucci, dated February 29, 2020 ("Minicucci Decl.").

2

The Charges alleged that Plaintiff, during the 2015-16 and 2016-17 school year, engaged in various acts of misconduct that constitute just cause for termination under § 3020-a. Altogether, there were four distinct specifications, each with multiple sub-specifications. See Ex. XX. On October 16, 2017, Defendant DOE removed Plaintiff from his teaching duties because he was the subject of an ongoing § 3020-a proceeding. See Administrative Reassignment Letter, Ex. YY.

A Pre-hearing conference was held pursuant to § 3020-a on April 19, 2018. See § 3020-a Award, Ex. C at 1. The hearing was conducted on June 5, 6, 27, 28 and July 11, 2018. Id. Closing arguments were heard on July 11, 2018. Id., at 2. Officer Kinsella issued an Award on August 30, 2018 substantiating Specifications 2a and 3 "insofar as they allege conduct unbecoming the profession," dismissing the remaining specifications, penalizing Plaintiff $500 for his conduct, and requiring him to complete five hours of professional development or counseling in the area of workplace ethics and civility in social media and email usage. Id., at 32.

Officer Kinsella made findings of fact in his Award. Specification 1, alleged, in sum and substance, that on or about February 15, 2017, Plaintiff interrupted a Parents Association meeting to give parents his phone number in order to learn "the real status of the school;" accused another faculty member of failing to translate Plaintiff's statements during the meeting because she did not want to tell the truth to parents; polled parents regarding whether they received "cut calls" from the school; and told parents that teachers are being pressured to pass students and that their students are being pushed through the system. See Ex. XX, at 2. As to Specification 1, Officer Kinsella concluded that Plaintiff was polite and respectful with his comments, which were all about issues that would concern parents of students in the school; that Plaintiff's comments were appropriate to the meeting agenda and related to the educational business of the school; and that his comments were not disruptive. See Ex. C, at 23-24. Officer Kinsella dismissed Specification 1 because DOE

3

did not prove by a preponderance of the evidence that Plaintiff's actions in the meeting described in Specification 1 amounted to misconduct in any form. Id., at 24.

Specification 2 alleged, in sum and substance, that during the 2015-16 and 2016-17 school years, Plaintiff created and/or attempted to create a hostile work environment by continuously sending emails to colleagues who asked to be removed from his distribution list; repeatedly replied all to emails from administration to staff to discuss his personal grievances with the administration; and in or around May 2017, sent an email to the entire staff praising teachers who stand up for "what's right even if it means personal risk in a corrupt system." Id. As to Specification 2, Officer Kinsella concluded that Plaintiff's personal grievances were not a major part of his email replies and the contents of the emails was related to educational issues. Id., at 25. Nevertheless, Officer Kinsella concluded that Plaintiff continually sent emails to colleagues who did not want to hear from him as alleged in Specification 2a, and that such conduct was annoying and unbecoming his position, but not misconduct, insubordination, harassment, or neglect of duty. Id., at 26. However, Officer Kinsella also concluded that DOE failed to show by a preponderance of the evidence that Plaintiff repeatedly used reply all to discuss personal grievances, and that though Plaintiff may have held persistent views about grade inflation, manipulation of surveys, etc., this does not mean that they are personal grievances. For these reasons, Officer Kinsella dismissed Specification 2b. Id. Finally, in dismissing Specification 3c, Officer Kinsella concluded that while Plaintiff did say the words alleged, DOE failed to prove by a preponderance of the evidence that there was misconduct with respect to the email. Id., at 26-27.

Specification 3 alleged, in sum and substance, that on or about December 1, 2016, Plaintiff sent an email to the entire staff which contained inappropriate and threatening remarks to staff members. Id., at 27-28. Officer Kinsella concluded that Plaintiff sent the email, that he thought it

4

was a joke when he sent it, and that many of the teachers and administrators mentioned thought it was funny too. Id., at 28. However, Officer Kinsella concluded that to anyone not in on the joke, this email was out of bounds. Id. Though the Hearing Officer concluded that Plaintiff acted in a manner that was unbecoming of his position in sending this email, given the attitude of the recipients, Officer Kinsella concluded that it did not amount to insubordination or harassment. Id.

Specification 4 alleged, in sum and substance, that during the 2015-16 and 2016-17 school years, Plaintiff failed to adhere to his principals' directives to stop sending the emails described in the previous two specifications. Id., at 28. In dismissing the specification, Officer Kinsella concluded that there was no directive to stop sending the emails as described in the previous specifications. Id. He further concluded that there is nothing that prohibits a public employee, like a teacher, from communicating with fellow educators about education-based issues so long as it is not disruptive to the functioning of the school or upsetting to the individuals. Id., at 28-29.

In concluding the Award, Officer Kinsella held that the charges brought by DOE were not frivolous. Id., at 29.

## ARGUMENT

### POINT I

**PLAINTIFF IS NOT PRECLUDED FROM ARGUING THAT HIS PROSECUTION UNDER § 3020-A WAS RETALIATORY**

"The 'fundamental notion' of the doctrine of collateral estoppel, or issue preclusion, 'is that an *issue of law or fact* actually litigated and decided by a court of competent jurisdiction in a prior action may not be relitigated in a subsequent suit between the parties or their privies.'" Ali

v. Mukasey, 529 F.3d 478, 489 (2d Cir. 2008) (quoting United States v. Alcan Aluminum Corp., 990 F.2d 711, 718-19 (2d Cir. 1993) (emphasis in original)).

Collateral estoppel may bar relitigation of an issue if: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." Bear, Stearns & Co., Inc., et al. v. 1109580 Ontario, Inc., 409 F.3d 87, 91 (2d Cir. 2005) (quoting Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 91 (2d Cir. 1997) (internal quotation marks omitted)).

Hearings held pursuant to New York State Education Law § 3020-a are administrative adjudications that must be given preclusive effect. Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist., 411 F.3d 306, 311-2 (2d Cir. 2005).

### A. PLAINTIFF DID NOT FULLY LITIGATE THIS ISSUE AT HIS § 3020-A HEARING

Defendants erroneously claim that Officer Kinsella held that Plaintiff exercising his First Amendment rights does not permit him to disrupt meetings or administrators' orderly discussion. See Defendants' Memorandum of Law ("Def. MOL"), at 3-4. Officer Kinsella made no such finding. See Leon v. N.Y. City Dep't of Educ., 612 Fed. Appx. 632, 635 (2d Cir. 2015) (reversing the district court's dismissal based on collateral estoppel because "[t]here [wa]s no indication that the Section 3020-a hearing addressed, much less actually decided, whether the charges leading to [the plaintiff's] termination were driven, even in part, by discriminatory or retaliatory intent"); see also Giove v. City of N.Y., No. 15-CV-02998 (PKC) (VMS), 2018 U.S. Dist. LEXIS 18909, at *3-4 (E.D.N.Y. Feb. 5, 2018), (holding the plaintiff's retaliation claims were not barred by collateral estoppel because the § 3020-a hearing officer never explicitly addressed or ruled on

6

the merits of any retaliation argument); Washington v. N.Y.C. Dep't of Educ., 2017 U.S. Dist. LEXIS 171456, at *8-9 (S.D.N.Y. Oct. 16, 2017) (same); Senno v. Elmsford Union Free Sch. Dist., 812 F. Supp. 2d 454, 471 (S.D.N.Y. 2011) (same); Morey v. Somers Cent. Sch. Dist., No. 06cv1877, 2007 U.S. Dist. LEXIS 20265, at *5 (S.D.N.Y. Mar. 21, 2007) (same).

In support of this inaccurate recitation of the Award, Defendants are referencing the last paragraph of page 25 of the Award. However, in this paragraph, Officer Kinsella makes no finding that Plaintiff exercised his First Amendment right, or that Defendants did not retaliate against him for exercising such a right. See Ex. C, at 25. Rather, Officer Kinsella simply includes a hypothetical in order to explain his assertion that administrators "have the right to run orderly discussions." Id. Notably, he does not even directly refer to Plaintiff in this portion of the Award. The only findings that Officer Kinsella made regarding Specification 2a is that Plaintiff continually sent emails to colleagues who did not want to hear from him and that such conduct was annoying and unbecoming his position, but not misconduct, insubordination, harassment, or neglect of duty. Id., at 26. Even if Officer Kinsella's vague statement can be attributed as a finding of law or fact specifically regarding Plaintiff's conduct—which it cannot—it is extremely limited in scope, and only pertains to the conduct alleged in the sub-specification.

As noted, Officer Kinsella held that "the charges brought by the Department were not frivolous." Id., at 29. Whether charges are frivolous or not is not the standard of law for a First Amendment retaliation claim. This is a higher burden, and not one the Plaintiff bears in this matter. Certainly, it is possible for a principal and school district to file non-frivolous charges against a teacher in retaliation for his First Amendment protected speech. There are many forms of discipline a school district may institute against a teacher; the filing § 3020-a termination charges is simply the most severe form of discipline. Even if the underlying allegations were not frivolous, that

7

Defendants chose to pursue termination charges against Plaintiff in retaliation for his First Amendment protected activity is telling.

It is also noteworthy that, pursuant to Education Law Education § 3020-a(4)(c), a hearing officer "shall indicate in the decision whether any of the charges brought by the employing board were frivolous as defined in section eighty-three hundred three-a of the civil practice laws and rules." Indeed, NY CPLR § 8303-A provides for costs "upon frivolous claims" in actions to recover damages for personal injury, injury to property or wrongful death. As tenure is a constitutionally protected property interest in continued employment, Gilbert v. Homar, 520 U.S. 924, 927-28 (1997), Officer Kinsella's finding that the charges are not frivolous has a collateral estoppel effect only as pertains to any argument Plaintiff may raise that the charges were frivolous as defined by CPLR 8303-a and Education Law § 3020-a.

Defendants attempt to argue that because Plaintiff, during his § 3020-a hearing, sought to compel the production of Office of Special Investigations ("OSI")[3] findings based on the complaints Plaintiff made against Chin, and Officer Kinsella denied the production of these complaints as irrelevant because Chin did not testify at the hearing, this somehow indicates that Plaintiff's retaliation defense was thoroughly litigated at the § 3020-a hearing. Having to choose between subpoenaing Chin and questioning him for the first time at the § 3020-a hearing itself, without the liberties of prior depositions[4] and document discovery, and after the Department had already presented its case, is not a full and fair opportunity to litigate such an issue as a retaliation defense.

---

[3] Defendants mistakenly refer to OSI as the Special Commissioner of Investigations ("SCI").
[4] Teachers are prohibited from conducting depositions during the discovery process for § 3020-a proceedings.

In sum, the Hearing Officer made no findings as to whether the charges were, or were not, issued against Plaintiff because he exercised First Amendment protected speech. The issue was not fully litigated.

### B. PLAINTIFF DID NOT HAVE AN OPPORTUNITY TO FULLY LITIGATE THE ISSUE AT THE § 3020-A HEARING

Defendants rely on a non-binding summary order for their position that Plaintiff is precluded from arguing that his § 3020-a hearing was retaliatory. Such reliance is misplaced. Roemer v. Bd. of Educ. of City of New York, 150 F. App'x 38,39 (2d. Cir. 2005) is a non-binding case that has been contradicted by at least one subsequent Second Circuit summary order. See Broich v. Inc. Vill of Southampton, 462 F. App'x 39, 46 n.4 (2d Cir. 2012) ("The District Court also erred in concluding that the hearing officer's determination substantiating the charges brought against [plaintiff] 'rebut[s] any claim by plaintiff that charges were preferred and pursued [and] that he was placed on administrative leave and suspended for a retaliatory purpose.' That the [police department] had sufficient justification to bring charges against [plaintiff] does not resolve the question of whether they would in fact have brought the charges in the absence of retaliatory animus.") (second and third alterations in original) (citing De Cintio v. Westchester Cty. Med. Ctr., 821 F.2d 111, 115 n.9 (2d Cir. 1987)); Matusick v. Erie Cty. Water Auth., 739 F.3d 51, 56 (2d Cir. 2014) (administrative finding that plaintiff engaged in misconduct at work did not preclude First Amendment retaliation claim). Indeed, the rationale of the Court in Broich is almost identical to that which Plaintiff is making here—that whether the charges were frivolous or not does not resolve the question of whether they would have been brought in the absence of retaliatory animus.

9

Additionally, Plaintiff was denied the opportunity to obtain important discovery—which he has since obtained through the course of this lawsuit—that is directly relevant and vital to prove his claims of retaliation. See, e.g., PenneCom B.V. v. Merrill Lynch & Co., Inc., 372 F.3d 488, 493 (2d Cir. 2004); Charter Oak Fire Insurance Co. v. Electrolux Home Products, Inc., 882 F.Supp.2d 396, 398 (E.D.N.Y. 2012); Keitt v. NYS Dep't of Corr., No. 11-CV-00855(A)(M), 2015 U.S. Dist. LEXIS 65464, at *16-17 (W.D.N.Y. Jan. 6, 2015). Specifically, Officer Kinsella denied Plaintiff's requests for the investigative materials and reports of the OSI allegations Plaintiff made against Chin. In so denying the requests, Officer Kinsella denied Plaintiff an opportunity to fully and fairly explore his claim of retaliation. Defendants cite two non-binding summary orders in support of their vague argument that unfavorable evidentiary decisions for plaintiffs do not make their § 3020-a hearings none preclusive. However, neither case cited involved the preclusion of evidence so intrinsically linked to a plaintiff's theory of retaliation as that found here. As such, Plaintiff is not collaterally estopped from claiming that he was not given an opportunity to "fully litigate" the retaliation claims.

### C. IN THE EVENT THIS COURT FINDS THAT PLAINTIFF'S 3020-A AWARD HAS A PRECLUSIVE EFFECT, OFFICER KINSELLA MADE ADDITIONALY, RELEVANT FINDINGS OF FACT

Unsurprisingly, Defendants neglected to mention the numerous findings of fact made by Officer Kinsella that are detrimental to their defense. Specifically, Officer Kinsella made the following findings of fact:

- On or about February 15, 2017, during a Parents Association meeting, Plaintiff was polite and respectful with his comments, which were all about issues that would concern parents of students in the school. Plaintiff's comments were appropriate to

- the meeting agenda and related to the educational business of the school. His comments were not disruptive. See Ex. C, at 23-24.

- During the 2015-16 and 2016-17 school years, Plaintiff's personal grievances were not a major part of his email replies and the contents of the emails were related to educational issues. Id., at 25. More specifically, though Plaintiff may have held persistent views about grade inflation, manipulation of surveys, etc., this does not mean that they are personal grievances. Id., at 26.

- Plaintiff did not engage in misconduct by sending his May 2017 email to the entire staff stating, "kudos to those teachers for standing up for what's right even if it means personal risk in a corrupt system." Id., at 24, 26-27.

- During the 2015-16 and 2016-17 school years, there was no directive to stop sending the emails as described in specifications 2 and 3. Id., at 28.

- Nothing prohibits a public employee, like a teacher, from communicating with fellow educators about education-based issues so long as it is not disruptive to the functioning of the school or upsetting to the individuals. Id., at 28-29.

Additionally, Defendants continue to mischaracterize the findings of fact made by the Hearing Officer. For example, in addition to Defendants' misstated purported findings of fact already addressed, Officer Kinsella did not conclude that Plaintiff, on December 1, 2016, sent an email personally attacking his colleagues. Rather, the Hearing Officer concluded that, while Plaintiff did send an email that contained the alleged words in Specification 2, "[m]any of the teachers and administrators mentioned thought it was funny too . . . Given the attitude of the recipients, I do not believe that the Department showed that it amounted to insubordination or harassment." Id., at 28.

To the extent the Court findings that Officer Kinsella made such findings, Defendants are precluded from asserting otherwise.

## POINT II

### PLAINTIFF SHOULD NOT BE DEPRIVED FROM CALLING MATERIAL WITNESSES AT TRIAL

Defendants argue that Plaintiff should be deprived from calling SCI investigator Michael Dorn and OSI investigators at trial. This appears to be nothing more than a thinly veiled attempt to glean insight into Plaintiff's theory. Defendants raised their objections to these witnesses at the final pretrial conference. These objections were overruled. They are now seeking to relitigate these objections. Plaintiff should be allowed to call material witnesses at his trial, as he bears the burden of proof.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion *in limine* to preclude Plaintiff from claiming at trial that the § 3020-a proceeding brought against him was retaliatory.

Dated: New York, New York
April 8, 2020

**GLASS HARLOW & HOGROGIAN LLP**
Attorneys for Plaintiff Ok
85 Broad Street, 18th Floor
New York, NY 10004
(212) 537-6859

By: *S/ Jordan Harlow*
Jordan F. Harlow, Esq.